## Bolland v. Perfett

*Harvey E. Moore* and *Bernard Goldstone*, for plaintiffs.

*Edward B. Madden* and *Cyril T. Garvey*, for defendant.

RODGERS, P. J., February 9, 1956.—This matter comes before the court on preliminary objections in the nature of a demurrer to a complaint in equity which requests this court to order defendant to remove a septic tank and to award damages growing out of its installation in violation of a township ordinance.

On this state of the record, the preliminary objections must be overruled if under any proper theory plaintiffs have stated a cause of action. Plaintiffs contend they have set out a violation of a township ordinance which constitutes a nuisance per se and that they are, therefore, entitled to equitable relief.

We cannot agree with plaintiffs on this basis as the ordinance does not declare all violations of its provisions to be a nuisance. Rather, in articles I, II and V, it states that is is an ordinance for the promotion of the health of the citizens and sets out certain rules to be followed.

The provision of the ordinance alleged in the complaint to have been violated by defendant is found in article I, sec. 6 which declares that all septic tanks shall be "at least five feet from any property line". The word nuisance is used only in article III which refers to matters not under consideration here. There is apparently no article IV in the ordinance. Articles VI and VII simply provide for its enforcement and declare that "any persons . . . violating any of the provisions of this ordinance shall upon conviction thereof . . . be subject to a fine. . . ."

The question still remains as to whether plaintiff has made other averments which, if proved, would entitle him to relief in equity. We believe that he has.

Plaintiff has alleged the installation of the septic tank in violation of the ordinance and then in paragraph 11 alleges: "The illegal installation of said septic tank is an injurious invasion of the plaintiff's fixed and determined property right in that it affects

the capacity of the plaintiff's property for ordinary use and/or causes a discomfort in the enjoyment of their property which threatens the health and welfare of the plaintiffs with resultant injury to their property."

Paragraph 13 then alleges: "The illegal installation of said septic tank next to the property line of the plaintiffs creates a dangerous health condition and further prevents the plaintiffs from adding a new addition to plaintiff' building because said tank would create a spring condition under the foundation of said addition and would cause extensive damage to the walls of said addition."

Defendant contends that these allegations are not a proper basis for a bill in equity because they allege anticipated damages, such as those considered in the Pennsylvania Company v. Sun Company, 290 Pa. 404.

In that case plaintiffs sought to enjoin the construction of two tanks for the storage of oil, one 83 feet and the other 417 feet from the boundary line of plaintiff. The complaint averred that the construction and use of these tanks would constitute a menace to the safety and quiet enjoyment of the lands and the home of plaintiffs and the effects of a fire that might easily ignite the liquid or cause an explosion would bring disaster to plaintiff for which there would be no adequate remedy at law.

Defendant filed a demurrer which was sustained on the ground that plaintiff's complaint was based on a mere apprehension of harm without adequate foundation. The Supreme Court said:

"Is the manner of use as described such that the probabilities are that they will be? The words 'readily' and 'susceptible' are words of anticipation, apprehension or mere fear, or, as the authorities say, doubtful, eventual, or contingent. The statement that the use becomes a menace is but a conclusion based on these antecedent conjectures.

There is no allegation in the bill that the construction is improper . . .": Pages 412 and 413.

The court then said:

"Where it is sought to enjoin an anticipated nuisance, it must be shown . . . that, while it may not amount to a nuisance per se, under the circumstances of the case a nuisance must necessarily result from the contemplated act or thing. . . . The injury must be actually threatened, not merely anticipated; it must be practically certain, not merely probable. "

There are several differences between the Sun case and this case. In the first place the construction of the septic tank is in violation of a township ordinance. This in itself would make it an improper structure. Secondly, the averment is specific in alleging that the presence of the septic tank "prevents the plaintiffs from adding a new addition to plaintiffs' building because said tank would create a spring condition under the foudation of said addition and would cause extensive damage to the wall of said addition."

The court can certainly not now determine whether these allegations are based on the realities of the situation. Certainly if properly proven, the septic tank would constitute a nuisance which interfered with the ordinary and proper usage of plaintiffs' land.

A demurrer should be sustained only when it is certain that plaintiff cannot recover under the complaint and when the case is clear and free from doubt: Sun Ray Drug Co. v. Lawler, 366 Pa. 571 (1951). In the case at bar a question of fact remains to be determined. The demurrer, therefore, must be overruled.

### Order

And now, February 9, 1956, the preliminary objections of defendant are overruled and defendant is directed to plead to the within complaint within 20 days.