## Easttown Township v. Auto Parks, Inc.

*Theodore O. Rogers*, for plaintiff.

*Gawthrop & Gawthrop*, for defendant.

MacElree, P. J., July 23, 1957.—Plaintiff, a municipal corporation of Chester County, by its duly con-

stituted officials, enacted a zoning ordinance with map attached affecting properties in said township, August 5, 1940, which ordinance from time to time has been amended and by the terms of which it provided, inter alia, that certain defined areas were classified as "B" and as "C-1" residence districts.

Included in such areas are two tracts of land owned by defendant, the Pennsylvania Railroad Company, said properties being as follows:

"A. A tract about 25 feet by 100 feet containing approximately 2,500 square feet of land situate on the North side of the tracks of said The Pennsylvania Railroad Company and adjacent to its passenger station located at a community known as Berwyn in Easttown Township, aforesaid, said tract being located in 'C-1' residence district as established by the zoning ordinance and map made a part thereof.

"B. A tract about 100 feet by 200 feet and containing approximately 20,000 square feet of land situate on the North side of the tracks of said The Pennsylvania Railroad Company and adjacent to its passenger station located at the community known as Devon in Easttown Township, aforesaid, said tract being located in 'B' residence district of Easttown Township as established by the zoning ordinance and map made a part thereof."

The complaint, filed on behalf of plaintiff, avers that the Pennsylvania Railroad Company has within the past six months, by written agreement, leased as lessor to defendant, Auto Parks, Inc., as lessee, the two premises noted above.

It is averred that the lease, above mentioned, provides that defendant, Auto Parks, Inc., will install at the leased premises such facilities as may be necessary to exact from the persons using such premises a charge for parking vehicles therein, with the proceeds or charges to be divided between defendants.

It is further averred that the use of the premises at both Berwyn and Devon would be as a commercial parking lot, that is, one operated for financial profit.

It is further averred that defendant, Auto Parks, Inc., has resurfaced the premises at both stations and has installed facilities for collecting parking charges thereat.

It is further averred that notice has been given by the zoning officer of Easttown Township to defendant, Auto Parks, Inc., that *a change of use* of the premises at both Berwyn and Devon from a free and unrestricted lot to a commercial parking lot would result in a violation of the provisions of the zoning ordinance and that, despite said written notice, defendant, Auto Parks, Inc., has continued its preparations to operate commercial parking lots at the two railroad stations.

Plaintiff in this action seeks equitable relief and prays: (a) That defendants be restrained from using the premises as commercial parking lots; (b) that defendant, Auto Parks, Inc., be restrained from installing facilities for collecting charges for parking; (c) that defendants be restrained from collecting or attempting to collect any charge for parking vehicles in the areas at each of the stations or from establishing and conducting any other business thereat; (d) that defendant, Auto Parks, Inc., be required to remove the facilities where installed, (e) and general relief.

To this complaint, defendants have filed their preliminary objection in the nature of a demurrer in which they aver: "The complaint fails to set forth a cause of action upon which plaintiff is entitled to the relief sought."

In support of the demurrer, defendants rely upon two propositions: (1) The use and operation of each of the said tracts is a nonconforming use in existence since long before adoption of the ordinance and not materially or substantially changed in character by

the arrangement complained of; (2) that the ordinance applied to the two tracts in question is arbitrary, unreasonable, has no relationship to the public safety, health or general welfare, and is unconstitutional and void.

In passing upon these questions and determining whether or not a summary judgment should be entered on a demurrer, our appellate courts have stated that two rules must always be applied:

(1) " 'The question to be decided is not whether the statement of claim is so clear in both form and specification as to entitle plaintiff to proceed to trial without amending it, but whether, upon the facts averred, it shows with certainty that the law will not permit a recovery by plaintiff; and' "

(2) " 'Where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it' ": Sunray Drug Company v. Lawler, 366 Pa. 571, 573.

The complaint avers that for more than 50 years, and consequently for more than *30 years before the adoption of the ordinance*, defendant, the Pennsylvania Railroad Company, has maintained the two vehicular parking areas adjacent to its stations and tracks.

Oddly enough, the ordinance under consideration, article IV, sec. 401, provides (as to the Devon tract) that in "B" residence districts, four, and only four, named uses of buildings and lands shall be permitted and none of these four includes even *a railroad station*.

The ordinance, article V, sec. 501, provides (as to the Berwyn tract) that in "C-1" residence districts, five, and only five, named uses shall be permitted and in such districts a "railway passenger station" is a named, permitted use.

In both districts certain accessory uses are permitted subject to the limitation that "except as above

provided, the term 'accessory use' shall not include a business use."

The United States Supreme Court, in the matter of Donovan v. Pennsylvania Company, 199 U. S. 279, at pages 293, 294, speaking of a railroad's control of its stations, grounds and facilities, stated:

" 'The question is no longer an open one, as to whether a railroad is a public highway, established primarily for the convenience of the people, and to subserve public ends.' . . . *Necessarily, the same principles apply in reference to the use of the company's station house and depot grounds;* for they are held in the same right as are its road, its locomotives and other property or appliances employed in the transportation of passengers and freight, and must be devoted primarily to public use to the extent necessary for the public objects intended to be accomplished by the construction and maintenance of the railroad as a highway.

"It by no means follows, however, that the company may not establish such reasonable rules, in respect of the use of its property, as the public convenience and its interests may suggest, *provided only that such rules are consistent with the ends for which the corporation was created and not inconsistent with public regulations legally established for the conduct of its business.* Although its functions are public in their nature, the company holds the legal title to the property which it has undertaken to employ in the discharge of those functions. And as an incident to ownership it may use the property for the purposes of making profit for itself; such use, however, being always subject to the condition that the property must be devoted primarily to public objects, without discrimination among passengers and shippers, and not be so managed as to defeat those objects. *It is required, under all circumstances, to do what may be*

*reasonably necessary and suitable for the accommodation of passengers and shippers. But it is under no obligation to refrain from using its property to the best advantage of the public and of itself.* It is not bound to so use its property that others, having no business with it, may make profit to themselves. Its property is to be deemed, in every legal sense, private property as between it and those of the general public who have no occasion to use it for purposes of transportation." (Italics supplied.)

"Such power and duty are among the most important powers and duties of the company. . . . In the performance of such duty, however, railway companies, in the absence of statutory provisions . . . are vested with a very broad discretion. . . . This discretion . . . must be exercised in good faith, and with a due regard to the necessities and convenience of the public": 44 Am. Jur. 480, "Railroads", §257.

Considering the first proposition advanced by defendants, this court is of opinion and finds as a matter of law that the use and operation of said tracts, both at Berwyn and at Devon, as vehicular parking areas with or without paid parking *is an integral part of an existing nonconforming use* of the premises in each location as a part of the common carrier's public transportation system and facilities *and a necessary incident of its business.*

The character of its nonconforming use as a parking area is not, in the opinion of this court, destroyed by charging therefor.

The situation complained of is not the initiation of a new nonconforming use or even of a change of use, but rather a restrictive regulation of a 50-year existing primary use.

A nonconforming use cannot be limited by a zoning ordinance to the precise magnitude thereof which existed at the date of the ordinance: Philadelphia Art

Alliance v. Philadelphia Zoning Board of Adjustment, 377 Pa. 144, 149.

Neither can it, in the opinion of this court, be limited by ordinance, if the nonconforming use is a part of the common carrier's public transportation system and facilities, by depriving the owner of the exercise of reasonable control by regulations governing the traveling public.

The court further finds as a matter of law that the use presently being made of each of the tracts at Berwyn and at Devon is not an accessory use.

Accordingly, the court finds no occasion to discuss the provisions of the ordinance with regard to accessory uses nor to analyze the numerous cases cited by counsel for plaintiff, all of which have been carefully read.

In view of the conclusion of law reached with respect to the first of the two propositions submitted by defendants, consideration of the question of the constitutionality of the ordinance insofar as defendants' rights are concerned becomes unnecessary: Robinson Township School District v. Houghton, 387 Pa. 236, 240.

Applying the legal principles applicable to the demurrer before the court, as previously stated, "whether upon the facts averred it shows with certainty that the law will not permit the relief sought by the plaintiff?" this court entertains no doubt that a summary judgment should be entered in favor of defendants and against plaintiff and accordingly enters the following

### Decree

And now, to wit, July 23, 1957, it is ordered, adjudged and decreed that the preliminary objection in the nature of a demurrer is sustained and judgment in the within-entitled matter is entered in favor of defendants and against plaintiff.