## The National Bank of Slatington v. Derhammer (No. 2.)

*William A. Steckel* and *Wardell Steigerwalt*, for plaintiff.

*Paul A. McGinley* and *Mark Gearhart*, for defendant.

KOCH, J., June 10, 1958.—The original complaint of plaintiff was the subject of preliminary objections which were disposed of by our learned colleague, President Judge Henninger, in an opinion and order entered on January 6, 1958: 16 D. & C. 2d 286. The preliminary objections by way of demurrer were overruled and the motion for a more specific complaint was sustained and plaintiff was ordered to file a more specific complaint.

Plaintiff has filed an amended complaint which purports to comply with that portion of the opinion of this court which reads as follows: "We should know, therefore, what acts on her part, besides the mere fact of cosignature, are relied upon by plaintiff to fasten liability upon this defendant. If, on the other hand, she is to be held because she received moneys based upon a dishonored check, we should have a full frank statement naming by name the person or persons who received the money."

The amended complaint sets forth that defendant was well known to the officials of plaintiff banking corporation, that defendant introduced Paul M. Barry to the bank officials and "falsely and fraudulently represented with intent to deceive the plaintiff that the defendant had known the said Barry all of her life and was engaged to be married to the said Barry and that she *impliedly represented* that Barry was a man of good moral character, whereas, in fact his character

was bad which fact was known or should have been known to the defendant." (Italics supplied.) It is also averred that the bank upon which the $4,950 check was drawn was fictional only, which fact defendant knew or should have known.

Defendant's third and fifth preliminary objections to the complaint are as follows: "Plaintiff has failed to show in what manner defendant was enriched, if any, through the fraud of Barry," and "Plaintiff fails to state whether defendant has received moneys drawn against the allegedly dishonored check." It is true that the averments of fraud probably do not adhere strictly to the requirement of Pa. R. C. P. 1019(*b*) which requires that averments of fraud or mistake shall be averred with particularity. However, it must be observed that paragraph seven of the amended complaint alleges that the sum of $150 in cash was paid to defendant. Nowhere is there an allegation that she was enriched by or received the additional $2,800 and as to that amount, we anticipate that plaintiff will encounter considerable difficulty in proof at the trial of this matter, but we are of the opinion that the allegations are sufficient to demand that defendant answer on the merits. As was said by Mr. Justice Allen M. Stearne in Gallagher v. Merry, 366 Pa. 258, 261: "It is more desirable, when fraud is charged, to pass upon the merits of the cases rather than to rely upon technicalities of pleading."

With respect to the demurrer we refer to the previous opinion in this case in which we held that plaintiff cannot recover under article 4 of the Uniform Commercial Code of April 6, 1953, P. L. 3, 12 A. PS §§4-101 to 4-4071. However, since plaintiff has now filed an amended complaint in which it embraces a new theory, we now specifically overrule defendant's latest demurrer and shall order an answer on the merits. It is clear that summary judgment should never be

entered in a doubtful case but only where the case is clear and only after considering the entire pleading: Moran v. Bair, 304 Pa. 471.

Defendant's motion for a more specific pleading also complains that plaintiff has failed to attach as an exhibit a copy of the deposit slip referred to in paragraph seven of the amended complaint. This paragraph is as follows: "7. On the same day, a deposit slip was entered against the account of Defendant, Verna Derhammer, for the proceeds of the check less One Hundred Fifty ($150.00) Dollars cash paid to Defendant, Verna Derhammer."

It is immediately apparent from a reading of the complaint that the cause of action is not based upon the deposit slip but upon the alleged fraud of defendant. This document falls into the category of evidence and consequently the writing need not be attached. See 1 Goodrich-Amram Procedural Rules Service §1019 (*h*) 3, and cases cited therein.

### Order

Now, June 10, 1958, defendant's preliminary objections are overruled and defendant is directed to file an answer to the amended complaint within 20 days after service of this order upon her counsel.