Liney, Appellant, *v.* Chestnut Motors, Inc.

Argued November 17, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Norman M. Brown,* for appellant.

*Joseph H. Foster,* with him *White & Williams,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 22, 1966:

In this action of trespass, the lower court sustained preliminary objections to the complaint in the nature of a demurrer and dismissed the action. This appeal challenges the correctness of that order.

The pertinent pleaded facts are as follows:

The defendant operates an automobile sales agency and garage. About ten o'clock a.m. on the day involved, a customer's automobile was delivered to the garage for repairs. The defendant's employees allowed the automobile to remain outside the building, double-

parked in the street and with the key in the ignition. About three hours later, it was stolen by an adult stranger, who then drove it around the block in such a careless manner that it mounted a sidewalk, struck the plaintiff, a pedestrian thereon, causing her serious injury. Defendant's garage was located in a Philadelphia area experiencing a high and increasing number of automobile thefts in the immediate preceding months.

The lower court's order was correct and we affirm. The complaint failed to state a cause of action against the defendant.

Assuming that defendant's employees were negligent in permitting the automobile to remain outside in the street under the circumstances described, it is clear that the defendant could not have anticipated and foreseen that this carelessness of its employees would result in the harm the plaintiff suffered. See, *Rapczynski v. W. T. Cowan, Inc.*, 138 Pa. Superior Ct. 392, 10 A. 2d 810 (1940), and *Roscovich v. Parkway Baking Co.*, 107 Pa. Superior Ct. 493, 163 A. 915 (1933). In other words, the defendant violated no duty owed to the plaintiff. This being so, the plaintiff was not harmed by the defendant's negligence. See, *Dahlstrom v. Shrum*, 368 Pa. 423, 84 A. 2d 289 (1951), and *Zilka v. Sanctis Construction, Inc.*, 409 Pa. 396, 186 A. 2d 897 (1962). Assuming also that the defendant should have foreseen the likelihood of the theft of the automobile, nothing existed in the present case to put it on notice that the thief would be an incompetent or careless driver. Under the circumstances, the thief's careless operation of the automobile was a superseding cause of the injury suffered, and defendant's negligence, if such existed, only a remote cause thereof upon which no action would lie. See, Restatement 2d, Torts, §§448, 449, and §302B, Illustration 2 (1966); Prosser, Law of Torts (2d ed. 1955), at 140-41-42; *DeLuca v. Man-*

*chester Ldry. & Dry Cl. Co.,* 380 Pa. 484, 112 A. 2d 372 (1955); *Kite v. Jones,* 389 Pa. 339, 132 A. 2d 683 (1957); and, *Green v. Independent Oil Co.,* 414 Pa. 477, 201 A. 2d 207 (1964).

It is true that the question of proximate cause is generally for the jury. However, if the relevant facts are not in dispute and the remoteness of the causal connection between the defendant's negligence and the plaintiff's injury clearly appears, the question becomes one of law: *Klimczak v. 7-Up Bottling Co. of Phila.,* 385 Pa. 287, 122 A. 2d 707 (1956), and *Green v. Independent Oil Co.,* supra.

Finally, it is strenuously argued that *Anderson v. Bushong Pontiac Co.,* 404 Pa. 382, 171 A. 2d 771 (1961), is controlling. We do not agree. In *Anderson,* several salient facts were present which are absent here. Those facts clearly put the defendant in that case on notice, not only that the automobile was likely to be stolen, but also that it was likely to be stolen and operated by an incompetent driver. In *Anderson,* we cited *Murray v. Wright,* 166 Cal. App. 2d 589, 333 P. 2d 111 (1958), as persuasive authority for sustaining liability under the facts therein presented. We note that the same state has denied liability in a situation similar to the one now before us. See, *Richards v. Stanley,* 43 Cal. 2d 60, 271 P. 2d 23 (1954). Other jurisdictions have reached the same result. See, *Midkiff v. Watkins,* 52 So. 2d 573 (La. App. 1951); *Wilson v. Harrington,* 295 N.Y. 667, 65 N.E. 2d 101 (1946); and, *Teague v. Pritchard,* 38 Tenn. App. 686, 279 S.W. 2d 706 (1954).

Order affirmed.

Mr. Justice MUSMANNO and Mr. Justice ROBERTS dissent.