## Rupp v. Yost

*Joseph P. Alexa* and *Michael R. Rundle*, for plaintiffs.

*David C. Eaton*, for defendant.

SHEELY, *J.,* May 27, 1981—The above actions were filed to recover for property damage to plaintiffs' vehicles arising from an auto accident which occurred on October 14, 1978. At the time, defendant Yost was driving a stolen vehicle and collided with two parked vehicles owned by plaintiffs resulting in damages of $1,860.75 to the Rupp vehicle and $1,360.17 to the Ort vehicle. Yost had stolen the vehicle (1971 Dodge Dart) from behind the Hertzler Garage, 1001 South York Street, Mechanicsburg, Pa., a few hours before the incident.

Testimony adduced at trial established the following sequence of events: (1) Yost had been employed at the Hertzler Garage until 1977, doing odd jobs; (2) Hertzler knew Yost had experience driving trucks since Yost was 14 years old; (3) Yost had

stolen a truck from behind the Hertzler Garage a week before on October 6, 1978; (4) Yost found the keys in the ignition of the truck which was unlocked; (5) Yost drove the truck to an ore hole in Monroe Township, Cumberland County, Pa., accompanied by other youths; (6) there was a large congregation of people at the ore hole that night; (7) Yost testified that he was forced at knife point to drive the truck into an 80 foot quarry; (8) the truck was completely destroyed; (9) Hertzler was told by the Upper Allen Township Police on October 10, 1978, who had stolen the truck; (10) Hertzler failed to warn his employes of the theft and failed to instruct them to remove keys from unattended vehicles; (11) a 1971 Dodge Dart was taken to Hertzler's Garage for repairs by one Buckius (hereinafter Buckius vehicle); (12) the keys were left on the dashboard of the Buckius vehicle on the evening of October 13, 1978; (13) Yost stole the Buckius vehicle from behind the Hertzler Garage late on the evening of October 13, 1978; (14) similar to the truck incident, the Buckius vehicle was taken from an area which was poorly lit; (15) Yost had to use his cigarette lighter to see what he was doing; (16) after stealing the Buckius vehicle, Yost picked up some companions at a high school dance; (17) after running a stop sign, a high speed chase by Lower Allen Township Police resulted in an accident in Mechanicsburg, which is the source of this action; (18) Yost testified that the accident was caused by a passenger who grabbed the steering wheel during the chase; (19) the Buckius vehicle collided with two parked vehicles owned by plaintiffs to this action.

Plaintiff Rupp filed an action on February 8, 1979

and thereafter petitioned for appointment of arbitrators in April, 1980. On June 16, 1980 the arbitrators made an award in favor of plaintiff Rupp and against both Yost and Hertzler. That award was appealed on July 8, 1980.

Pending appeal, the Ort action was instituted on September 12, 1980. At a pretrial conference held by this court on November 19, 1980, the two actions were consolidated for trial. A jury trial was held before this court on December 8, 1980. The jury found both defendants negligent; attributing 90 percent negligence to Yost and 10 percent to Hertzler.

Defendant Hertzler filed a motion for judgment n.o.v. on December 18, 1980. The sole topic before this court is: DID THE COURT ERR IN PERMITTING THE JURY TO CONCLUDE THAT HERTZLER'S NEGLIGENCE CONSTITUTED A PROXIMATE CAUSE OF THE DAMAGES SUSTAINED BY THE PLAINTIFFS?

The applicable standard in considering judgment n.o.v. is well-established. In Atkins v. Urban Redevelopment Authority of Pittsburgh, 263 Pa. Superior Ct. 37, 45, 396 A. 2d 1364, 1368 (1978), the court stated:

"(1) that in considering a motion for judgment n.o.v., the evidence together with all reasonable inferences therefrom must be considered in the light most favorable to the verdict winner; (2) that only that evidence which supports the verdict may be considered; (3) that all conflicts must be resolved in favor of the prevailing parties; and finally (4) a judgment n.o.v. should not be entered unless the facts are such that no two reasonable persons could fail to agree that the incident was improper."

At trial, the judge charged the jury on plaintiff's burden of proof as follows:

"In the case of Rupp and Ort versus Yost and Hertzler the plaintiffs have the burden of proving in this case against Mr. Hertzler the following factors. First, that the Defendant Hertzler under the facts of this case knew or should have known at the time that the Buckius vehicle was stolen that under the circumstances it was likely to be stolen. . . .

"The second thing that the plaintiffs have to prove is that it was likely to be stolen by an incompetent or careless driver. You are going to have to gather these things from the facts that were presented to you. In addition to these two things in determining whether or not Mr. Hertzler was negligent, you must also find that this negligence was a substantial factor in bringing about the accident or damage to the plaintiffs' two vehicles." See Liney v. Chestnut Motors, Inc., 421 Pa. 26, 218 A. 2d 336 (1966).

Appellant Hertzler does not challenge this court's statement of the law, but rather asserts that we erred in failing to charge the jury that it was required to return a verdict in favor of Hertzler. Appellant claims that no evidence was offered to support the necessary conclusion for liability that Hertzler owed a duty to plaintiffs.

Appellant relies primarily on two Pennsylvania cases in which actions against bailees of vehicles were dismissed for lack of evidence that the bailees should have foreseen the vehicles would be stolen by incompetent or careless drivers.

In Farley v. Sley System Garages, Inc., 187 Pa. Superior Ct. 243, 144 A. 2d 600 (1958), a vehicle was parked at defendant's parking lot with the keys in the ignition for the convenience of the bailee.

This vehicle was subsequently stolen and thereafter collided with plaintiff's vehicle. The court found the bailee breached his duty only to the owner of the bailed vehicle, but not to plaintiff. No evidence indicated the bailee knew or should have known the thief would be an incompetent or careless driver, and judgment n.o.v. was granted.

In Liney v. Chestnut Motors, Inc., 421 Pa. 26, 218 A. 2d 336 (1966), a vehicle was delivered to defendant dealer's garage for repairs. The vehicle was double parked with the keys in the ignition and subsequently stolen.

Recklessly driving the vehicle, the thief mounted a curb and struck plaintiff pedestrian. Defendant's garage was located in a high crime area of Philadelphia which had experienced an increasing number of automobile thefts in the preceding months. In sustaining a demurrer to plaintiff's complaint, the court stated: "Assuming also that the defendant should have foreseen the likelihood of the theft of the automobile, nothing existed in the present case to put it on notice that the thief would be an incompetent or careless driver." Id. at 28, 218 A. 2d at 338.

Unlike the above cases, sufficient evidence was presented in the case at bar for a jury finding that Hertzler should have foreseen an incompetent or careless driver would steal the Buckius vehicle: (1) Hertzler knew that Yost had stolen a truck from the same location behind the garage a week earlier, (2) Hertzler knew that Yost's theft resulted in the truck's total destruction, and (3) no evidence indicates that Hertzler knew Yost's story that Yost had been forced to demolish the truck, thus exonerating Yost from negligence. Also, the above cases cited by defendant contain no evidence that prior incidents

occurred to put the bailees on notice, whereas the case at bar presents that exact circumstance.

Confronted with the above evidence, the jury could have logically concluded that Hertzler should have foreseen the Buckius vehicle would be stolen by an incompetent or careless driver.

Finally, defendant argues that if the accident occurred for a reason other than the incompetence or carelessness of Yost, then violation of Hertzler's duty cannot be a proximate case of the eventual loss. To support this contention, defendant points to Yost's testimony which attributes the cause of the accident in question to a passenger who grabbed the steering wheel. However, the jury was free to assess Yost's credibility. Regardless of Yost's testimony, the fact remains that Yost drove the Buckius vehicle into plaintiffs' parked vehicles. The jury was free to conclude that this was a result of Yost's carelessness or incompetence as a driver.

The issue of foreseeability bears upon the bailee's knowledge as to the likely conduct of a potential thief. There was sufficient evidence presented by plaintiffs here to go to the jury. Judgment n.o.v. is inappropriate in this case and is hereby denied.

## ORDER

And now, May 27, 1981, in accordance with the opinion filed this date, defendant's motion for judgment n.o.v. is denied. Upon praecipe, the prothonotary shall enter judgment on the verdicts upon payment of the proper fee.