## Schmidt v. Mid-Atlantic Coca-Cola Bottling Company

*David L. Schwalm*, for plaintiff.

*Francis E. Marshall, Jr.,* for defendant Mid-Atlantic Coca-Cola Bottling Company.

*Daniel K. Deardorff,* for defendant Brockway, Inc.

BAYLEY, *J.*, April 2, 1986—Plaintiff R. Randall Schmidt was a service station employee loading 10-ounce, non-returnable Coca-Cola bottles into a vending machine on August 30, 1982. His complaint avers that one of the bottles, which was processed by defendant Mid-Atlantic Coca-Cola Bottling Company, Inc., and designed, manufactured and supplied by defendant Brockway, Inc., exploded without warning while he was placing it into the machine. The accident caused a permanent injury and partial loss of vision in his right eye.

Against Brockway, Inc., plaintiff has alleged causes of action in negligence, breach of warranty and strict liability. He avers that the explosion of the bottle was caused by Brockway's lack of due care in manufacturing the bottle in that it was defective, defectively designed and lacked adequate warnings, labeling, instructions, guarding or other safety devices.

Plaintiff retained an expert who reconstructed the broken Coca-Cola bottle. His report concluded that there was no defect in the bottle when it was manufactured by Brockway and that the glass was of the proper type and had been properly annealed. Plaintiff's expert further concluded that the bottle had been impacted during its handling at the Mid-Atlantic Coca-Cola bottling plant. The impact caused spalling of the glass which occurred internally and was undetectable by the naked eye and which resulted in its spontaneous explosion in plaintiff's hand on August 30, 1982. This report supported plaintiff's substantial settlement of his claim against Mid-Atlantic Coca-Cola Bottling Company, Inc:, on a joint-tortfeasor's release. Brockway, Inc., now seeks a summary judgment on the basis of the pleadings, depositions, admissions and answers to interrogatories.

## DISCUSSION

A party who moves for summary judgment has the burden of convincing the court that there is no genuine issue of fact or inferences that could be drawn from facts whereby plaintiff would be entitled to recover a judgment as a matter of law. Schacter v. Albert, 212 Pa. Super. 58, 239 A.2d 841 (1968); Marchese v. Marchese, 457 Pa. 625, 326 A.2d 321 (1974); Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 412 A.2d 466 (1979).

Plaintiff maintains that the record does not support the entry of summary judgment because under Pennsylvania law it is possible that more than one substantial factor brought about the harm suffered by him. Accordingly, he claims that his averments that the Coca-Cola bottle was defectively designed and contained inadequate warnings is sufficient to take his cause of action on strict liability to a jury. Since plaintiff's expert discounts any manufacturing defect as causing the accident and pinpoints the cause as being the impacting of the bottle while under the control of Mid-Atlantic Coca-Cola Bottling Company, plaintiff has filed an answer to an interrogatory propounded by Brockway suggesting that he will proceed to trial without calling an expert witness on the issue of liability.

In order to recover on a strict liability theory the plaintiff is required not only to prove by a preponderance of the evidence that the subject bottle was defective, whether in manufacture, design or because it lacked adequate warnings to make it safe, but that such a defective condition as existed for whatever reasons was a substantial factor in causing harm to him. Sherk v. Daisy-Heddon, 498 Pa. 594, 450 A.2d 615 (1982); Gottfried v. American Can Company, 339 Pa. Super. 403 (1985); Bascelli

v. Randy, Inc., 339 Pa. Super. 254, 488 A.2d 1110 (1985). Ordinarily, where evidence suggests a defective condition by the mere occurrence of a malfunction and the absence of evidence of a reasonable secondary cause for an accident, the issue of liability may be submitted to the jury without the necessity of calling an expert. Agostino v. Rockwell Manufacturing Company, 236 Pa. Super. 434, 345 A.2d 735 (1975); Calhoun v. Jersey Shore Hospital, 250 Pa. Super. 567, 378 A.2d 1294 (1977). However, as noted in Lenkiewicz v. Lange, 242 Pa. Super. 87, 363 A.2d 1172 (1976):

"We do not hold that a plaintiff must refute all possible explanations offered by a defendant. . . . 'It is not necessary that plaintiff prove with mathematical exactness that the accident could only have been caused in one manner to the exclusion of all other possibilities . . . but he must eliminate those other causes, if any, as were fairly suggested by the evidence. . . . *And it is the duty of the trial court to determine whether or not this requirement has been met in the first instance before the issue can be submitted to the jury. . . .*' " Citing Cuthbert v. Philadelphia, 417 Pa. 610, 614-15, 209 A.2d 261, 263-64 (1965). 242 Pa. Super. at 92, 363 A.2d at 1175. (Emphasis added.)

As further set forth in Thompson v. Anthony Crane Rental, Inc., 325 Pa. Super. 386, 473 A.2d 120 (1984):

"We fully recognize that in most circumstances, both a strict liability claim and a regular negligence claim can be alleged, proven, and submitted to a jury in a case. See Sherk v. Daisy-Heddon, 285 Pa. Super. 320, 427 A.2d 657 (1981). However, in cases like the instant one, where the plaintiff's strict liability case depends not upon the actual proof of a defect, but only upon the mere occurrence of a mal-

function, it is inconsistent to permit him to proceed on the strict liability ground where he also advances a theory of human intervention which purportedly caused the harm. Plaintiff's own evidence in this case created the existence of a 'reasonable secondary cause' for the accident. See Wojciechowski v. Long-Airdox Division of Marmon Group, Inc., 488 F.2d 1111 (3rd Cir. 1973), which discusses this type of situation."

In Liney v. Chestnut Motors, Inc., 421 Pa. 26, 218 A.2d 336 (1966), the Supreme Court held that while questions of causation are generally for a jury, nevertheless, if the relevant facts are not in dispute as to how the accident occurred, the question becomes one of law. We are satisfied under these standards that Brockway, Inc., is entitled to summary judgment, notwithstanding the law that under certain factual situations there may be multiple causes of an accident which are each a substantial factor in causing harm to a plaintiff.

The record clearly shows that this was an ordinary Coca-Cola bottle which spontaneously ruptured in plaintiff's hand because it had been impacted and weakened by an external force after it had been manufactured by Brockway and distributed to the Mid-Atlantic Coca-Cola Bottling Company, Inc. Accordingly, since plaintiff's own expert has "discovered" the cause of the accident, there is not an iota of evidence to support plaintiff's additional contentions that the bottle was defective. Furthermore, we know that such evidence will not be forthcoming because plaintiff has notified Brockway that he intends to proceed to trial without calling an expert. That leaves him in the position of taking his strict-liability theory to the jury upon his claim of a defective condition caused by lack of adequate

warnings. As set forth in Berkebile v. Brantley Helicopter Corp., 462 Pa. 83, 337 A.2d 893 (1975):

"A 'defective condition' is not limited to defects in design or manufacture. The seller must provide with the product every element necessary to make it safe for use. One such element may be warnings and/or instructions concerning use of the product. A seller must give such warning and instructions as are required to inform the user or consumer of the possible risks and inherent limitations of his product. Restatement (Second) of Torts §402A, comment h. If the product is defective absent such warnings, and the defect is a proximate cause of the plaintiff's injury, the seller is strictly liable without proof of negligence.

" 'Comment h to the section [402-A] makes it clear that a product, as to which adequate warning of danger involved in its use is required, sold without such warning is in a 'defective condition.' " Incollingo v. Ewing et al., 444 Pa. 263, 287, 282 A.2d 206, 219 (1971).' "

Without calling an expert, how could plaintiff prove on the facts of this case that the lack of warnings on a Coca-Cola bottle was a substantial factor in causing his injury? Since the record already shows that the bottle was weakened by an external force while under the control of the bottler, Mid-Atlantic, and that this weakening caused it to spontaneously break, what is the manufacturer of the Coca-Cola bottle to do? Put a warning on the bottle that says: "This glass bottle can break if hit by sufficient external force" or "This glass may weaken if hit by sufficient external force and thereafter explode." Since plaintiff's own evidence shows that the external force which did weaken the bottle was undetectable to the naked eye, even if such warnings were required they would not have pre-

vented this accident. That is another way of saying that the lack of warnings could not as a matter of law be a substantial factor in causing plaintiff's injuries.

Lastly, plaintiff suggests that this case should go to the jury under the theory that Brockway, Inc., is strictly liable to him because it could have made a container, unlike this glass bottle, which would not have broken when impacted by an external force. In other words, plaintiff is suggesting that Brockway, Inc. can be held liable under a theory that it is forseeable that glass bottles can break when impacted; therefore, the production of such a glass Coca-Cola bottle, even without a manufacturing defect, may render it liable under the strict liability laws of Pennsylvania. If such a far fetched theory is going to be incorporated into the law of this state, it will have to be done by a court other than this one.

For the foregoing reasons, the following order is entered.

## ORDER OF COURT

And now, this April 2, 1986, defendant Brockway, Inc.'s motion for summary judgment is granted.