# Greenspan v. Edrondale Inc.

*Lawrence D. Finney*, for plaintiffs.
*M. Scott Gemberling*, for defendants.

HAZEL, *J.*, July 16, 1986 — Plaintiff has appealed from this court's order of November 13, 1985, granting defendants' motion for summary judgment, thus necessitating this opinion.

A motion for summary judgment may be granted where the pleadings, depositions, answers to interrogatories, admissions, and affidavits demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See, e.g. *Thorsen v. Iron and Glan Bank*, 327 Pa.Super. 377, 476 A.2d 928 (1984); *Toth v. City of Philadelphia*, 213 Pa.Super. 282, 247 A.2d 629 (1968). On a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party, giving this party the benefit of all reasonable inferences, and determine whether no genuine issue of material facts exists thus entitling the moving party to a judgment as a matter of law. See, e.g. *Mattia v. Employers Mut. Companies*, 294 Pa.Super. 577, 440 A.2d 616 (1982). The moving

party bears the burden of proof in demonstrating that there exists no genuine issue of material fact. See generally *LeGrand v. Lincoln Lines Inc.*, 253 Pa.Super. 19, 384 A.2d 955 (1978). Briefly stated, the issue before this court on defendants' motion for summary judgment is whether, as a matter of law, a defendant who leaves the ignition keys in his unattended, unlocked vehicle in an area which has experienced a high rate of car thefts, is liable in negligence to another who is injured when thieves, who have stolen the vehicle, operate it recklessly and/or while under the influence of alcohol.

On the evening of August 19, 1979, defendant, Bernard A. Faggioli, parked a 1974 Cadillac Coupe De Ville, owned by defendant, Edrondale Inc., in the common driveway of 618-620 Farriston Drive, Wynnewood, Lower Merion Township. Mr. Faggioli left his keys in the unlocked vehicle. After spending the night at the home of an acquaintance, Mr. Faggioli discovered on August 30, 1979, at approximately 6:30 a.m., that the vehicle had been stolen.

At approximately 1:30 on the morning of August 30, 1979, plaintiff, Mitchell Greenspan, was proceeding in a westerly direction on Bryn Mawr Avenue when his vehicle was struck head-on by the Faggioli vehicle, which was speeding east in the westbound lane of travel. Occupying the Faggioli vehicle at the time were two brothers who had been drinking and who had stolen the car when it was parked on Farriston Drive. The thieves were also drinking while they were "joy riding" in the vehicle. After the collison, the thieves left the scene, abandoning the stolen vehicle, but were later apprehended and charged criminally. Greenspan, who was unconscious when he was removed from the scene by an ambulance, suffered extensive injuries.

Plaintiffs' amended complaint, Count I, avers that the aforementioned collision was the direct and proximate result of defendants' negligence in:

(A). Leaving the keys to said Cadillac automobile in the car at the time the vehicle was left parked and unattended;

(B). Failing to properly and/or adequately secure said Cadillac automobile before leaving same unattended under the circumstances;

(C). Failing to timely discover and/or report the theft of said Cadillac automobile to the proper authorities;

(D). Failing to properly secure and/or leaving the ignition keys to said Cadillac automobile in the car at the time the vehicle was stolen under circumstances in which defendants knew or had reason to know that the area in which the car was parked was a high car theft crime area and that a thief stealing a car in that area would operate same in a careless, reckless and/or negligent manner by inter alia:

(1) Operating the automobile at an excessive rate of speed under the circumstances;

(2) Failing to possess the requisite skill and competency in operating the automobile under the circumstances;

(3) Failing to maintain a proper lookout under the circumstances;

(4) Failing to observe and/or obey traffic controls under the circumstances;

(5) Failing to pay proper and due heed and precaution to the point and position of plaintiff;

(6) Failing to sound appropriate and due warnings under the circumstances;

(7) Being otherwise negligent under the circmstances;

(8) Being negligent as a matter of law.

(E). Violating applicable laws, ordinances, statutes and/or regulations.

(F). Being otherwise negligent, careless or reckless under the circumstances;

(G). Doing any or all of the aforegoing and substantially increasing the risk that said Cadillac automobile would be stolen and become instrumental in causing plaintiff to sustain injury.

Plaintiff further avers in paragraphs 6 through 10 of the amended complaint that defendants knew, or had reason to know, of a high incidence of crime, particularly auto theft, in the Farriston Dr. area, that leaving the ignition keys in an unattended unlocked vehicle would create a risk of theft, and that car thieves would operate a stolen vehicle in a negligent, careless, reckless and/or dangerous manner. In Count II, plaintiffs seek damages for the loss of consortium to Rhea F. Greenspan, Mitchell Greenspan's wife.

The elements of a cause of action in negligence are a duty recognized by the law on the part of defendant to conform to a certain standard of conduct with respect to plaintiff, a failure by defendant to so conform, and a reasonably close causal connection or proximate cause between defendant's conduct and some resulting injury to plaintiff. See generally, *Cummins v. Firestone Tire and Rubber Co.*, 344 Pa.Super. 9, 495 A.2d 963 (1985) citing *Prosser*, Law of Torts §30 (4th ed. 1971); *Morena v. South Hills Health System*, 501 Pa. 634, 462 A.2d 680 (1983). In determining whether in a particular case, a defendant has a "duty" to act or refrain from acting, we consider whether defendant is under any legal obligation to act for the benefit of plaintiff. See *Prosser*, The Law of Torts §53 (4th ed. 1971). "Duty, in any given situation, is predicated on the relationship existing between the parties at the rel-

evant time." *Morena v. South Hills Health Systems*, supra at 642, 462 A.2d at 684. In 1966, in the case of *Liney v. Chestnut Motors Inc.*, 421 Pa. 26, 218 A.2d 336 (1966), the Pennsylvania Supreme Court affirmed an order of the lower court sustaining preliminary objections and dismissing the action on the following facts:

"Defendant operates an automobile sales agency and garage. About 10:00 a.m. on the day involved, a customer's automobile was delivered to the garage for repairs. Defendant's employees allowed the automobile to remain outside the building, doubleparked in the street and with the key in the ignition. About three hours later, it was stolen by an adult stranger, who then drove it around the block in such a careless manner that it mounted a sidewalk, struck plaintiff, a pedestrian thereon, causing her serious injury. Defendant's garage was located in Philadelphia area experiencing a high and increasing number of automobile thefts in the immediate preceding months. 412 Pa. at 27-28, 218 A.2d 337."

In a brief opinion, the court explained:

"Assuming that defendant's employees were negligent in permitting the automobile to remain outside in the street under the circumstances described, it is clear that defendant could not have anticipated and foreseen that this carelessness of its employees would result in the harm the plaintiff suffered. . . . in other words, defendant violated no duty owed to plaintiff. This being so, plaintiff was not harmed by defendant's negligence. Id. at 27, 218 A.2d at 337-338 (citations omitted)."

Additionally, after assuming arguendo the existence of duty, the court concluded that defendant's negligence was not the proximate cause of plaintiff's injury for, as a matter of law, the thief's care-

less operation of the vehicle was a superseding cause of the injury suffered.

*Liney*, supra, is controlling in the case sub judice as the facts reveal no circumstances which indicate that defendant should have "anticipated and foreseen" that his carelessness would result in harm to plaintiff. Additionally, also present in the case at bar is the superseding carelessness, recklessness, and/or criminal act of the thieves who drove the vehicle in a manner which caused plaintiff's injuries.

In drawing this conclusion, we have considered cases where, on somewhat similar facts, a duty has been found. The discussion which follows demonstrates that in these cases, facts existed which made the injury to plaintiff reasonably foreseeable. In *Glass v. Freeman,* 430 Pa. 21, 240 A.2d 825 (1968), defendant, while engaged in black-topping a parking lot, operated a 900 pound tractor. When he went to the lavatory, defendant left the tractor with its engine running. Defendant's seven-year-old son climbed up onto the tractor and began operating it on a sloped portion of the parking lot. Plaintiff was shovelling black-top when he was hit by the tractor. The defendant argued that his son's actions were unforeseeable. The court drew a contrary conclusion based upon the evidence, which indicated that the boy was seen on the parking lot earlier that day riding on the rear of a roller which was being operated by his father. The court, addressing both issues of "duty" and "proximate cause" determined that it was foreseeable that the boy might attempt to drive the tractor and that, as a child, he would drive it negligently.

In *Anderson v. Bushong Pontiac Co. Inc.,* 404 Pa. 382, 171 A.2d 711 (1961), the lower court sustained preliminary objections in the nature of a demurrer to the complaint and entered judgment for defend-

ant on the following facts. Defendant owned and operated a used car lot where children were known to play in and about the cars on the lot. The keys to a Pontiac were stolen one day and defendant reported this fact but took no precautions to immobilize the vehicle. Two days later, a 14-year-old boy used the stolen keys to start the Pontiac while the lot was unattended. In the course of his driving, the vehicle mounted a sidewalk and struck plaintiff, thereby inflicting serious injuries. In its opinion reversing the lower court, the Supreme Court explained that the theft of the car by a teenager, one lacking the "maturity and necessary ability to safely operate a device that can be one of death and destruction in the hands of the wrong person" and the subsequent injury to plaintiff were reasonably foreseeable, thereby imposing a duty to act upon defendant. 404 Pa. 385, 171 A.2d 772. Further, in addressing the proximate-cause issue, the court determined that defendant should have realized that his conduct created the likelihood that the car would be stolen by a teenager and that plaintiff would be injured. Accordingly, the intervening act of the teenager was not a superseding cause. See *Anderson v. Bushong Pontiac Co. Inc.*, 404 Pa. 382, 171 A.2d 771, citing Restatement Torts, §448 (1934).

In each of these cases, the court found the defendant to have knowledge of particular facts which made subsequent operation of the unattended vehicle foreseeable to the defendant. Further, the subsequent operators as well as their probable inability to safely operate a vehicle were known or should have been known to defendants. The facts of the case before this court contained neither of these elements but rather, as in *Liney*, supra, reveal only that defendant's car was stolen in an area experiencing an increasing rate of car thefts, and subsequently was

negligently, recklessly, and/or criminally operated, thus causing plaintiff injury.

In response to defendants' motion, plaintiff has supplemented the record with exhibits, including empirical data offered to establish foreseeability in this case. These studies demonstrate that generally, auto theft is on the rise, that keys left in an unattended vehicle promote auto theft, that with a stolen vehicle the chances of collision are dramatically increased, and that today the public is aware of the potential risk of loss associated with leaving keys in an unattedned vehicle. In *Hill v. Yaskin,* 75 N.J. 139, 380 A.2d 1107 (1977), the New Jersey Supreme Court joined "a substantial and growing number of jurisdictions" who have adopted the view that in cases such as the case at bar, where the liability of a car owner who leaves keys in the ignition, is in issue, a jury question exists. The *Hill* court considered empirical data indicating the danger of car theft involved in leaving ignition keys in unattended vehicles and the increased accident rate of stolen vehicles. Finding this information "impressive," the court put to rest a conflict existing among New Jersey courts that had previously considered the issue. Compare *Zinck v. Whelan,* 120 N.J. Super. 432, 294 A.2d 727 (App. Div. 1972); *Saracco v. Lyttle,* 11 N.J. Super. 254, 78 A.2d 288 (App. Div. 1951).

In *Hill,* supra, the court's analysis focused on the concept of "foreseeability" as a determinant of duty:

"The probability of injury by one to the legally protected interest of another is the basis for the law's creation of a duty to avoid such injury, and foresight of harm lies at the foundation of the duty to use care and therefore of negligence. The broad test of negligence is what a reasonably prudent person would foresee and would do in the light of this

foresight under the circumstances. Negligence is clearly relative in reference to the knowledge of the risk of injury to be apprehended. The risk reasonably to be perceived defines the duty to be obeyed. . . . Foresight, not hindsight, is the standard by which one's duty of care is to be judged. The existence of actionable neglience depends, not upon what actually happened, but upon what reasonably might have been expected to happen. Negligence must be determined upon the facts as they appeared at the time, and not by a judgment from actual consequences which were not then to be apprehended by a prudent and competent man. What was reasonably to be foreseen is generally a question for the jury. (57 Am.Jur.2d Negligence §58 (1970) (footnotes omitted). 75 N.J. 139, 380 A.2d 1109 quoting 57 Am.Jur.2d *Negligence* §58 (1970)."

Ultimately, the determination that a duty can, under certain circumstances, exist involves a search for a fair policy considering the foreseeability of harm to the plaintiff as well as the social utility of the defendant's conduct. In *Hill,* supra, the court citing the minimal burden with which a potentially dangerous situation could be avoided, concluded:

". . . there is nothing unfair in requiring defendants to go to trial on the question of whether they should have foreseen that the leaving of Yaskin's automobile unattended under the circumstances recited above unreasonably increased the hazard of its theft and subsequent mishandling — particularly where that hazard could have so easily been substantially reduced, if not entirely eliminated, by resort to the extra set of keys, a minimal burden at worst."

20 years have passed since *Liney v. Chestnut Motors Inc.,* supra, was decided by our Supreme Court. Plaintiff eloquently and quite properly argues that

during the intervening years, changes in circumstances and public awareness of these changes require an updated approach to this issue. We agree. However, we are constrained to follow *Liney,* supra on the particular facts of this case and, for the foregoing reason, our order of November 13, 1985, granting defendants' motion for summary judgment, was entered.