## Stiver v. LeFevre

18

*Patrick J. Redding, Alan L. Carb* and *Eric F. Solomon,* for plaintiffs.

*Edward E. Knauss IV,* for defendant Lisa S. Mallery.

WALKER, *J.*, December 14, 1989 — On June 16, 1986 at approximately 7 p.m., defendant, Jeffrey E. LeFevre, struck two girls who were riding their bicycles while he was driving a car owned by Lisa S. Mallery. Mr. LeFevre had been riding around and drinking with Lisa Mallery and two other friends the night before the accident.

Statements taken in deposition indicate that on June 15, 1986, Lisa Mallery stopped her car and parked in a parking lot so that she could go across the street to talk to some friends. She claims that she left the key in the ignition so that her best friend, Sherry Radle, could listen to the radio if she wanted to. Ms. Radle and Mr. LeFevre remained in the car. Ms. Mallery also left her purse in the car.

A short time later, Ms. Radle asked Mr. LeFevre to drive her to a restaurant so that she could use the bathroom. He drove her to the restaurant without the permission of Lisa Mallery, and left with the car after Sherry Radle got out. Mr. LeFevre kept the car that night, the next day, and was still in possession of the car the next night, when the accident in question occurred.

Plaintiffs filed suit against Lisa Mallery on a claim of negligent entrustment. Ms. Mallery filed a motion for summary judgment. This issue was briefed and argued and is now ripe for determination.

## DISCUSSION

Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035(b) if the pleadings, depositions, answers to interrogatories,

admissions, and affidavits, if any, indicate that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Greenspan v. Edrondale Inc.,* 47 D.&C. 3d 453 (1986).

When ruling on a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, in this case, the plaintiffs. *Hower v. Whitmak Associates,* 371 Pa. Super. 443, 538 A.2d 524 (1988), alloc. denied 559 A.2d 527. The moving party bears the burden of proving that there is no genuine issue of material fact. *Hower, supra.*

The pertinent facts in the case before the court indicate that Lisa Mallery was driving around with Mr. LeFevre and Ms. Radle the night before the accident. Ms. Mallery parked her car to cross the street and talk to some friends. She left her purse in the car, and left the car keys in the ignition although the motor was off. Mr. LeFevre and Ms. Radle were still in the car. Ms. Mallery was aware that Mr. LeFevre had been drinking, as had she, but according to the deposition of Ms. Mallery, Ms. Radle had had no alcoholic beverages that evening. While Ms. Mallery was talking to her friends, Mr. LeFevre drove the car to a restaurant so that Ms. Radle could use the bathroom. He left with the car after dropping Ms. Radle off, and kept the car, getting into the accident with the bicyclists nearly 24 hours later.

Within an hour of the car being taken, Ms. Mallery reported the car stolen. Mr. LeFevre was subsequently charged and found guilty of unauthorized use of an automobile. Briefly stated, the issue here is whether, as a matter of law, Lisa Mallery is liable in negligence to plaintiffs for the injuries caused by Mr. LeFevre's alleged reckless operation

of her car when he had no permission to operate her car but when she left her keys in the ignition of the car while she allowed her two friends to remain in the vehicle in her absence.

Both plaintiffs and additional defendants raise the argument that it is premature to grant summary judgment in this matter when the deposition of Mr. LeFevre had not been taken. The deposition of Mr. LeFevre was subsequently taken on October 5, 1989, and has been reviewed by the court; therefore, those arguments are moot.

Plaintiffs next argue that Lisa Mallery is negligent per se for violating 75 Pa.C.S. §3701 which they quote as follows:

"(a) *General Rule* — No person driving or in charge of a motor vehicle shall permit the vehicle to stand . . . without . . . removing the key from the ignition. . ."

If the statute was read only as stated by plaintiffs, Ms. Mallery would be negligent per se because it is uncontroverted that she left the keys in the car when she went across the street to talk with friends. The entire statute, however, reads as follows:

"(a) *General rule* — No person driving or in charge of a motor vehicle shall permit the vehicle to stand *unattended* without placing the gear shift lever in a position which under the circumstances impedes the movement of the vehicle, stopping the engine, locking the ignition in vehicles so equipped, removing the key from the ignition and, when standing upon any grade, turning the front wheels to the curb or side of the highway and effectively setting the brake.

"(b) *Penalty* — Any person violating this section is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $5." 75 Pa.C.S. §3701. (emphasis supplied)

Once the statute is read in its entirety, particularly the word "unattended," which was omitted by plaintiffs, it is clear that this statute does not apply to the instant case because the facts show that the car was not left unattended. While it is true that the driver left the vehicle, two passengers, Mr. LeFevre and Mrs. Radle, still remained. A vehicle containing two passengers cannot by any stretch of the imagination be construed to be unattended.

Plaintiffs also raise the argument that Lisa Mallery was negligent in leaving the keys in the car when she knew that Mr. LeFevre was intoxicated and had criminal propensities. The criminal conduct cited was the use of marijuana. Contrary to the plaintiffs' allegation, the depositions of both Mr. LeFevre and Ms. Mallery indicate that no drugs other than alcohol were taken by either of them on June 15, 1986.

Plaintiffs direct the court to the cases of *Wertz v. Kephart,* 374 Pa. Super. 274, 542 A.2d 1019 (1988), alloc. denied 554 A.2d 510; and *Anderson v. Bushong Pontiac Company,* 404 Pa. 382, 171 A.2d 771 (1961), in support of their arguments in opposition to this summary judgment motion.

In *Wertz,* the owner of a car gave permission for the defendant, her girlfriend's male friend, to drive the car, despite the fact that the people she was entrusting her car to had both been drinking. The defendant was involved in an accident 18 hours later. The court in that case held that it was a jury question as to whether the owner of the car had knowledge that the defendant was intoxicated when she gave him permission to drive her car.

In *Anderson,* keys to a car on a used car lot were stolen. The owner of the lot did nothing to prevent the car from being taken, despite the fact that he knew that the keys had been stolen and that chil-

dren frequently played there. The court held that under the circumstances it was foreseeable that the car would be stolen by one who was incompetent to operate it properly. Two days after the keys were stolen, a 14-year-old used the keys to drive the car away. The car was later involved in an accident.

The facts in the present case can be distinguished from those of *Wertz* and *Anderson*. In the present case there may be a question as to whether or not Mr. LeFevre was intoxicated, or whether Lisa Mallery knew that, but unlike *Wertz,* no permission was ever given for him to drive her car. Unlike *Anderson,* the court finds that in the case at bar it was not foreseeable that Mr. LeFevre would drive her car. The evidence shows that he had never driven her car before, that Lisa Mallery allowed no one to drive her car.

Ms. Mallery refers the court to three cases in support of her motion for summary judgment, *Liney v. Chestnut Motors Inc.,* 421 Pa. 26, 218 A.2d 336 (1966); *Henneman v. McBride,* 34 D.&C. 3d 458 (1984); and *Greenspan v. Erondale Inc.,* 47 D.&C. 3d 453 (1986).

The Pennsylvania Supreme Court in *Liney* stated that the negligent driving of an automobile thief is an intervening, superseding cause and is not foreseeable to the owner of the automobile. In that case, the car was left double-parked outside of a garage in Philadelphia, an area known to have a great number of automobile thefts. The keys had been left in the car which was dropped off for repairs. The court in *Liney* held that even if the garage was negligent in leaving the car unlocked with the keys inside that this negligence was not the proximate cause of the accident. The court found that the thief's negligent operation of the stolen vehicle superseded the negligence of the garage.

In *Greenspan,* the facts are similar to those in *Liney.* The owner of a car left it unlocked with the keys inside while it was parked on the street in front of an apartment he was visiting. The car was stolen, and the thief's negligent driving caused serious injury to the plaintiff. The court held that the thief's inability to operate the vehicle safely was unforeseeable to the owner.

The court in *Henneman,* relying on the precedent set by *Liney,* held that an owner of a car was not negligent for an accident caused by a thief who had stolen his car. In that case, the car was parked in an alley near a fire company and left with the motor running when it was stolen.

While the facts in the instant case differ somewhat from those in the cases cited above, the court considers the reasoning of those cases and finds that it was not foreseeable that Mr. LeFevre would steal Lisa Mallery's car and be involved in an accident nearly 24 hours later. The evidence indicates that Ms. Mallery did not give permission for anyone to drive her car. When she left the car with the keys inside, she also left her purse, Mr. LeFevre, and Mrs. Radle, her best friend, in the car. Despite the fact that Mr. LeFevre had been drinking, Ms. Radle had not been drinking.

The court finds that even if it is assumed that Lisa Mallery knew that Mr. LeFevre was incompetent to drive because he was intoxicated that it was not foreseeable that he would take her car since he had never driven her car before and since Ms. Radle, her best friend, was also in the car. The court also finds that no causal connection exists between any negligence of Lisa Mallery and the accident the next day. The actions are too remote. The alleged negligent operation of the car by Mr. LeFevre is an

intervening, superseding cause to any negligence on the part of Lisa Mallery.

Based on the above analysis, the court finds that there was no "entrustment" because Lisa Mallery never gave permission for her car to be driven, and that it was not foreseeable that Mr. LeFevre would steal her car merely because she left the keys in the car in her absence.

Examining the record in the light most favorable to the non-moving party, the court finds that it is free from doubt that Lisa Mallery has sustained her burden of proving that there is no genuine issue of material fact. The court, therefore, grants Lisa Mallery's motion for summary judgment on this negligent entrustment claim.

## ORDER OF COURT

December 14, 1989, the court hereby grants Lisa Mallery's motion for summary judgment on this negligent entrustment claim.