## Moran, Appellant, v. Bair et al.

472

Argued March 19, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.

*H. E. Marker,* with him *Wm. S. Rial* and *John A. Walls,* for appellant.—In construing a contract, the language should be interpreted so that the agreement as a whole may be carried into effect: McMillin v. Titus, 222 Pa. 500; Abbott's Est., 198 Pa. 493.

The court erred in its construction of the contract, in reading into it a limitation which in point of fact did

not exist. The court held the contract must be consummated within three months from the date of expiration. If no date for consummation of the sale be fixed within the contract, then the agent is allowed a reasonable time within which to complete the transaction, and what is a reasonable time is a question of fact for the jury: Shepler v. Scott, 85 Pa. 329.

The court, in construing the second and third provisos of the contract, decided that they were dependent upon each other, and that one was in limitation of the other. In giving this construction, the court was in error, and, instead of the third proviso being a limitation of the second proviso, it was an addition to the second proviso, and the broker was entitled to his commission, if one or both of the conditions existed at the time of the expiration of the contract: Bossart v. Mining Co., 276 Pa. 63.

The appellate courts have frequently decided that a broker in a real estate transaction, who produces a purchaser who buys the property in question, or is able and willing to do so on terms acceptable to the principal, has earned his commission, and in such case the principal may not, pending the negotiations, escape liability for compensation by taking the matter into his own hands and completing the transaction personally: Sweeney v. Berman, 76 Pa. Superior Ct. 46; Peters v. Holmes, 45 Pa. Superior Ct. 278; Hipple v. Laird, 189 Pa. 472; Keys v. Johnson, 68 Pa. 42; Sowney v. Bair, 269 Pa. 448.

*Charles C. Crowell,* with him *Howard H. Whitehead* and *Daniel V. Crowell,* for appellees.—The contract, being in writing, was for the court. The court construed it to mean that a sale must be effected within three months from the expiration of the contract. Appellant admits that the written contract governs this case: Rick v. Moyer, 296 Pa. 176.

474

Opinion by Mr. Justice Kephart, April 20, 1931:

The agreement dated September 10, 1926, provided that the agent was to have "the sole and exclusive right to sell......for a period of 60 days" defendants' real estate and to receive a commission of $5,000 if the property was sold at the price fixed. It was further provided that the agreement was "to become null and void upon the expiration thereof; provided, however, that no negotiations are pending at such time for the sale of said property, and also provided that in case this property is sold to any person whom this or any other realtor has been negotiating within three [3] months from the date of expiration thereof." The court below, in sustaining defendants' affidavit raising questions of law, held that, as the sale was not actually consummated within the three-month period, the agent was not entitled to be paid the commission. The court so found in face of the fact that the statement of claim averred that the appellant opened and conducted negotiations until the date of sale under which the property was sold, that the appellant did everything necessary to effectuate the sale, and that when the negotiations were concluded defendant, without plaintiff's knowledge, conveyed the property to the purchaser with whom the negotiations were made and then denied the right of the agent to compensation, though the latter had worked many months to get the deal through, according to his statement.

A summary judgment should never be entered in a doubtful case. In other words, it should be entered only in a clear case, and only after considering the entire statement. If there was any doubt as to the right to judgment in this case, it should have been resolved in favor of plaintiff and the parties sent to trial. Here, the statement sets forth a good cause of action, even if the interpretation of the contract as found by the court below was correct. Defendant knew the terms of his contract as it was interpreted by the trial judge, and with this knowledge he knowingly permitted plaintiff

to continue the negotiations as his representative after the termination date, and eventually to conclude them successfully with the purchaser. These acts continued until the day the conveyance took place. Defendant must have known the scope of these negotiations and others normally connected therewith mentioned in the statement. He must have known that the acceptance of these acts would constitute a waiver of the provision of the contract on which the court below relied. An owner cannot be permitted to accept the work of an agent up to the day of sale and, after its consummation under the contract, such as that before us, turn the agent out of doors without pay. Under such contract it may easily be seen how an owner could, by fraud, readily deprive an agent of his commission by holding up the time of settlement until the contract period had expired.

But, apart from this, the court was in error in its interpretation of the contract. The two clauses are to be read as separate and distinct provisions. The first is without limit as to time, and it is on this clause plaintiff fixes his right to the commission. The test of the agreement, so far as plaintiff is concerned, was whether or not the negotiations were pending at the end of the 60 days and concluded within a reasonable time thereafter. The facts averred show that they were.

The second provision should be read as an additional proviso. There would have been no necessity for the first provision if the second one controls. The court below gives no effect whatever to the first provision. Then the parties may by their acts, as here, place their own interpretation on the contract. As a matter of law, contracts should be interpreted so that agreements as a whole may be carried into effect. If possible, no part of a contract should be disregarded or treated as a nullity or a redundancy: McMillin v. Titus, 222 Pa. 500, 502, 503. The two provisions should be so interpreted that

each will be given an independent meaning, and, as a result of the interpretation, the whole will be reasonable.

The judgment of the court below is reversed. The record is remanded with a procedendo, and defendant is given fifteen days after the return of the record to the court below to file an affidavit of defense on the merits. Costs to be paid by the appellee.