Sun Ray Drug Co., Appellant, *v.* Lawler.

Argued January 8, 1951. Before Drew, C. J., Stern, Stearne, Jones, Bell, Ladner and Chidsey, JJ.

*Morris Wolf,* with him *Morris H. Fussell, Leon Solis-Cohen, Jr.* and *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Russell J. Brownback,* with him *Roger B. Reynolds, George T. Butler* and *Butler, Beatty, Greer & Johnson,* for appellees.

Opinion by Mr. Justice Jones, March 19, 1951:

The action here involved is in assumpsit to recover the cost and expense to which the plaintiff company was allegedly put in repairing and restoring a certain business property whereof the plaintiff was lessee

under a written lease from the defendant fiduciaries; the premises were *partially* destroyed by fire during the term and thereby rendered untenantable.

The lease form provided, inter alia, that "(a) In the event that the demised premises is totally destroyed or so damaged by fire or other casualty not occurring through fault or negligence of the Lessee or those employed by or acting for him, that the same cannot be repaired or restored within a reasonable time, this lease shall absolutely cease and determine, and the rent shall abate for the balance of the term." (Paragraph) "(b) If the damage caused as above be only partial and such that the premises can be restored to their then condition within a reasonable time, the Lessor may, at its option, restore the same with reasonable promptness, reserving the right to enter upon the demised premises for that purpose . . . ."

The plaintiff's complaint avers that, after partial destruction of the leased premises by fire, the defendant lessors, acting by one of their number, "exercised their option and agreed to repair and to restore the premises to their then condition in accordance with the lease terms"; that work on the repair and restoration of the property was accordingly begun by the lessors; that they later refused to complete the work; and that the plaintiff thereupon completed the necessary repairs and restoration at the total cost and expense claimed for in this suit.

The defendants filed preliminary objections to the complaint under Rule 1017 (b) (4), R. C. P. which the learned court below sustained on the ground that the plaintiff relied upon an alleged supplemental agreement or covenant by the lessors to make the specific repairs and restorations for which no consideration was pleaded and that, therefore, the alleged supplemental agreement was a *nudum pactum* and the lessors

were consequently not bound to undertake the repairs or to complete them if undertaken. The court thereupon entered the judgment for the defendants from which the plaintiff brought this appeal.

The action thus taken by the learned court below was an abuse of discretion. Only in a clear case may a judgment properly be entered summarily: *Moran v. Bair,* 304 Pa. 471, 474, 156 A. 81. It is by no means clear that the instant complaint fails to state a cause of action. Plaintiff's counsel stressed at bar that he does not rely upon a supplemental agreement or covenant on the part of the lessors to repair and restore the damaged property but, rather, upon the plaintiff's right to have the lessors make the necessary repairs and restoration under the terms of the lease and the other material facts pleaded in the complaint. Without passing upon the merit of either that contention or the theory upon which the learned court below assumed to adjudicate the matter finally, the judgment will be reversed and the case remanded to the end that the rights and liabilities of the parties may ultimately be adjudged upon a definite and certain factual basis. As was said for this court in *Davis v. Investment Land Co.,* 296 Pa. 449, 452-453, 146 A. 119, "In determining whether or not [a summary] judgment should be or should have been entered [on a demurrer], two rules must always be applied: (1) The question to be decided is not whether the statement of claim is so clear in both form and specification as to entitle plaintiff to proceed to trial without amending it, but *whether, upon the facts averred, it shows with certainty that the law will not permit a recovery by plaintiff;* and (2) Where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it. On these points see Rhodes v. Terheyden, 272 Pa. 397; Briggs

574

v. Logan Iron & Steel Co., 276 Pa. 326; Geary v. Schwem, 280 Pa. 435; Steel v. Levy, 282 Pa. 338; Thomas v. Employers Liability Assurance Corporation, 284 Pa. 129, 134; Miller v. Miller, 284 Pa. 414, 416; Gray v. Phila. & Reading Coal & Iron Co., 286 Pa. 11, 14. Tested by these rules, the judgment is erroneous" (Emphasis supplied). See also *Stevens v. Smith*, 310 Pa. 287, 288, 165 A. 237.

Judgment reversed with a procedendo.