## Timbers v. Bell Asbestos Mines

*Shein & Brookman*, for plaintiff.
*Post & Schnell*, for defendant.

TAKIFF, *J.*, July 9, 1979—Presently before the

court are the preliminary objections of defendant Bell Asbestos Mines (Bell).

The instant action was commenced by a summons issued on May 24, 1978, which identified Melvin P. Timbers as plaintiff. Subsequently, on February 16, 1979, a complaint was filed. Plaintiff in the complaint was identified as "Don Weisberg, Esquire and Meyer A. Bushman, Esquire, Co-Executors of the Estate of Melvin P. Timbers." The complaint indicated that Timbers had died on November 27, 1977, over six months prior to the issuance of the summons. Bell's preliminary objections assert that the summons is null and void because it named a deceased person as plaintiff. The striking of the summons and the dismissal of the complaint are requested.

It is fundamental that a "dead man cannot be a party to an action" and that "any such . . . proceeding is . . . void and of no effect." Thompson v. Peck, 320 Pa. 27, 30, 181 Atl. 597 (1935). In accord with this principle, it was held in Bataman v. SEPTA, 58 D. & C. 2d 187 (1972), that the personal representative of a decedent could not be substituted for decedent as plaintiff where decedent had been named as plaintiff in the summons.

What distinguishes Bataman (and like cases such as Casner v. Fisher, 22 D. & C. 2d 1 (1960)), from the instant case is that the statute of limitations had clearly run on the cause of action as of the date of attempted substitution. A different situation is presented when the statute of limitations has not passed as of the date substitution is sought, whether directly or impliedly as in the instant case. At least one court has held that the filing of a complaint which substitutes a proper party for a dece-

242

dent should be considered the initial pleading of a new action if it is filed within the time period of the statute: Eberly v. Templeton, 61 D. & C. 2d 84 (1973); see Stanford v. Casasanta, 8 Mercer 342 (1968); see also Lukens v. Aiman, 96 Montg. 270, 276-77 (1972).

Plaintiff's complaint in the instant matter does not aver sufficient facts from which we can make the conclusive determination that the statute of limitations had passed *as of the date the complaint was filed*. Preliminary objections admit as true all well and clearly pleaded facts: Todd v. Skelly, 384 Pa. 423, 120 A. 2d 906 (1956); and only in a clear case may preliminary objections be sustained: Sun Ray Drug Co. v. Lawler, 366 Pa. 571, 79 A. 2d 262 (1951). Therefore, while we strike the summons for having been issued in the name of a dead plaintiff, it would be premature to dismiss the subsequent complaint. Discovery concerning the statute of limitations issue should proceed, and, if warranted by the evidence adduced, Bell may raise the statute of limitations issue by way of an appropriate motion at a later date.

ORDER

And now, July 9, 1979, upon consideration of the preliminary objections of defendant Bell Asbestos Mines, plaintiff's response thereto, and oral argument held, it is hereby ordered and decreed that (1) the summons in the above captioned matter issued on May 24, 1978, is stricken; and (2) the preliminary objections are otherwise dismissed without prejudice to the right of defendant to raise the issue of the statute of limitations at a later date.