513 A.2d 479

**Seth JAMISON, Appellant,**

v.

**CITY OF PHILADELPHIA and Blara Parking Corp., d/b/a Crown Garage, Appellees.**

Superior Court of Pennsylvania.

Argued May 6, 1986.

Filed Aug. 8, 1986.

---

Ronald L. Wolf, Philadelphia, for appellant.

David J. Parsells, Philadelphia, for appellees.

Before CIRILLO, President Judge, and WIEAND and OLSZEWSKI, JJ.

WIEAND, Judge:

Seth Jamison was injured because of the negligent operation of a stolen vehicle while the thief was attempting to elude pursuing police. Jamison filed an action against Blara Parking Corporation (Blara), which had had possession of the automobile at the time when it was stolen. The trial court sustained preliminary objections in the nature of a demurrer to the complaint and entered judgment in favor of the parking lot operator. Jamison appealed. We affirm.

On September 10, 1984, Terry Heimann's Mazda automobile was valet parked on an upper level of a garage operated by Blara at Eleventh and Clinton Streets in Philadelphia. Before midnight on September 12, 1984, the Mazda was stolen by Reginald Lambert. When police subsequently observed the stolen car, they pursued it. During this pursuit, the stolen car was operated at a high rate of speed; and, at Fifteenth and Lombard Streets, it collided with a vehicle in which Jamison was riding as a passenger. Jamison sustained serious injury.

On appeal, Jamison contends initially that the trial court should have stricken Blara's preliminary objections because they were not filed within twenty days after service of the complaint.[1] They were filed, however, before any default judgment had been taken.

[1]. The complaint had been served on June 4, 1985. The defendant's preliminary objections were filed on August 8, 1985. The trial court denied plaintiff's motion to strike defendant's preliminary objections.

"Pa.R.C.P. 1026 provides that a pleading shall be filed within 20 days after service of a preceding pleading. This rule is not mandatory but permissive. We have held that late pleadings may be filed 'if the opposing party is not prejudiced and justice requires. Much must be left to the discretion of the [trial] court.' *Fisher v. Hill,* 368 Pa. 53, 81 A.2d 860 (1951)."

*Allison v. Merris,* 342 Pa.Super. 571, 574, 493 A.2d 738, 739–740 (1985), quoting *Paulish v. Bakaitis,* 442 Pa. 434, 441, 275 A.2d 318, 321–322 (1971). See: *Boarts v. McCord,* 354 Pa.Super. 96, 100–103, 511 A.2d 204, 206–07 (1986). Appellant has alleged no prejudice as a result of the delayed filing of preliminary objections, and our own review of the record has disclosed none. Moreover, whether a recognizable cause of action existed against the owner of the garage at which the vehicle had been parked was an issue which, in any event, would sooner or later have to be decided by the court as a matter of law. See: *Boarts v. McCord, supra.* The trial court did not abuse its discretion when it refused to strike Blara's preliminary objections in the nature of a demurrer.

The standard to be applied in deciding preliminary objections in the nature of a demurrer was established by the Supreme Court in *Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970), as follows:

In determining whether a demurrer should be sustained and the complaint dismissed, the question presented is whether, on the facts averred, the law says with certainty that no recovery is possible. *King v. U.S. Steel Corp.,* 432 Pa. 140, 247 A.2d 563 (1968); *Sun Ray Drug Co. v. Lawler,* 366 Pa. 571, 79 A.2d 262 (1951). In considering the demurrer, every well-pleaded material fact set forth in the complaint, as well as all inferences reasonably deducible therefrom, must be taken to be admitted. *Yania v. Bigan,* 397 Pa. 316, 155 A.2d 343 (1959); *Mistick v. Cammack,* 397 Pa. 296, 154 A.2d 588 (1959). A demurrer does not, however, admit the pleader's conclusions of law. *Eden Roc Country Club v. Mullhauser,* 416 Pa. 61, 204

A.2d 465 (1964); *Lerman v. Rudolph*, 413 Pa. 555, 198 A.2d 532 (1964). Of course, where the complaint shows on its face that the claim is devoid of merit, the demurrer should be sustained. *Greenberg v. Aetna Insurance Co.*, 427 Pa. 511, 235 A.2d 576, *cert. denied Scarselletti v. Aetna Cas. & Sur. Co.*, 392 U.S. 907, 88 S.Ct. 2063, 20 L.Ed.2d 1366 (1967). But if there is any doubt as to whether the demurrer should be sustained, such doubt should be resolved in favor of refusing to enter it. *Sun Ray Drug Co. v. Lawler, supra; Moran v. Bair*, 304 Pa. 471, 156 A. 81 (1931).

*Hoffman v. Misericordia Hospital of Philadelphia, supra*, 439 Pa. at 503–504, 267 A.2d at 868. See also: *Cummins v. Firestone Tire & Rubber Co.*, 344 Pa.Super. 9, 16, 495 A.2d 963, 967 (1985).

 Whether the owner of a parking lot can be held legally liable to an innocent person who is injured by the careless operation of a motor vehicle which has been stolen from the parking lot has previously been before the appellate courts of this Commonwealth. In *Farley v. Sley System Garages, Inc.*, 187 Pa.Super. 243, 144 A.2d 600 (1958), this Court affirmed the opinion of the trial court which held that a parking lot operator who had carelessly allowed a vehicle in its possession to be stolen could not be required to foresee that the thief would negligently injure a third person. Therefore, the operator of the parking lot could not be held liable for injuries sustained by a plaintiff who had been injured because of the negligent manner in which the vehicle had been driven by the thief. The trial court explained:

> It is fundamental that one is not to be held liable for all possible consequences, but only for the probable consequences. *Fairbanks v. Kerr & Smith*, 70 Pa. 86 [1872]. It is conceded as indeed it must be that the injury herein complained of was a possible consequence of the theft. But, it was no more probable than the consequence that the thief would drive carefully so as not to attract attention.

*Farley v. Sley System Garages, Inc.*, 13 Pa.D. & C.2d 680, 688–689 (1958), *reprinted at* 187 Pa.Superior Ct. 243, 144 A.2d 600, 605 (1958).

The Supreme Court was faced with a similar issue for the first time in *Anderson v. Bushong Pontiac Co.*, 404 Pa. 382, 171 A.2d 771 (1961). There, plaintiff alleged that the defendant, a used car lot operator, had negligently allowed a car on its lot to be stolen by an unlicensed, fourteen year old boy, who operated the car in such a negligent manner that it mounted a sidewalk, where it struck and injured the plaintiff. The complaint alleged specifically that the defendant knew that young boys frequently had been playing in and around the cars on the lot and that a set of keys had been stolen two days before the vehicle was taken. The trial court determined that the complaint failed to state a cause of action and dismissed the action. The Supreme Court reversed, holding that it was for the jury to decide whether the defendant had been negligent. The Court said:

> After the keys had been stolen and such fact was known, it did not require much imagination to realize that the car itself might well be next on the list.... That it might well fall into the possession and control of an incompetent teenager was not difficult to visualize. But no safety precautions ensued. Whether or not this constituted the exercise of reasonable prudence, under all of the circumstances presented, cannot be decided as a matter of law.

*Id.*, 404 Pa. at 385–386, 171 A.2d at 772–773.

Five years later, the Supreme Court was again faced with the same type of issue in *Liney v. Chestnut Motors, Inc.*, 421 Pa. 26, 218 A.2d 336 (1966). There the defendant, a garage operator, had negligently allowed a vehicle left for repairs to be parked on the street with keys in the ignition. The car was stolen by an adult stranger who drove it in such a careless manner that it mounted a sidewalk and struck the plaintiff. The trial court sustained the defendant's preliminary objections and dismissed the complaint for failure to state a cause of action. On appeal, the Supreme Court affirmed, holding that the defendant had violated no duty owed to the plaintiff. The Court distinguished

*Anderson v. Bushong Pontiac Co., supra,* on the basis that "nothing existed in the present case to put [the defendant] on notice that the thief would be an incompetent or careless driver. Under [these] circumstances, the thief's careless operation of the automobile was a superseding cause of the injury suffered, and defendant's negligence, if such existed, [was] a remote cause ... upon which no action would lie." *Liney v. Chestnut Motors, Inc., supra,* 421 Pa. at 28, 218 A.2d at 338.

In the instant case, appellant's complaint did not contain averments of fact sufficient to permit a finding that Blara either knew or should have known that the vehicle was likely to be stolen by an incompetent driver or that the thief would drive the vehicle in a negligent or reckless manner. There is, therefore, no basis for distinguishing the taking of the Mazda automobile in this case from the facts in *Farley v. Sley System Garages, supra,* and *Liney v. Chestnut Motors, Inc., supra.* If in fact Blara was careless in allowing the vehicle to be stolen, it cannot be said to have been negligent toward appellant, whose injury was not a foreseeable consequence of the theft. The thief's careless operation of the stolen vehicle was a superseding cause of appellant's injuries, for which appellee cannot be held liable.

■ Appellant argues, however, that even if Blara owed no common law duty of care toward him, liability can be premised upon Section 9–601 of the Philadelphia Code. Section 9–601, entitled "Garages, Parking Lots, Sales Lots and Sales Showrooms," provides, in part:

> **Liability of Licensee.** Each licensee shall be liable for any damage to or theft of any motor vehicle accepted for parking, and for bodily injury to any individual, which shall occur as the result of the negligence of the licensee or any of his employees, and no contract, agreement, receipt, rule or regulation shall exempt any licensee or his employer from such liability.

Philadelphia Code § 9–601(2)(k).

This ordinance did not alter the legal principles of foreseeability and causation upon which prior Pennsylvania

decisions were based. On the contrary, the purpose of the ordinance was "to prevent parking lot operators from contracting [away] liability for the negligence of their employees or themselves. The language of the ordinance presupposes the existence of a duty of care, and this language cannot be read as creating a duty of care where such duty did not exist prior thereto." *Sparrow v. Airport Parking Co. of America,* 221 Pa.Super. 32, 43 n. 5, 289 A.2d 87, 93 n. 5 (1972).

Order affirmed.

OLSZEWSKI, J., files a dissenting opinion.

OLSZEWSKI, Judge, dissenting:

I respectfully dissent from the majority's decision to affirm the demurrer. The majority correctly stated that the demurrer can only be sustained if the law says with certainty that no recovery is possible and if there are any doubts, they should be resolved in favor of refusing it. *Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970). That is precisely what must be done here. The law does not clearly preclude recovery in this situation and the demurrer should therefore have been refused.

My decision is based upon the Supreme Court opinion in *Anderson v. Bushong Pontiac Co.,* 404 Pa. 382, 171 A.2d 771 (1961). The *Anderson* Court extensively quoted from the Restatement, Torts (1934) concerning the liability of one as the result of some other's actions. The key element, however, is forseeability. The Court then went on to hold that it is foreseeable to a parking garage owner that a car in its charge could be stolen, resulting in injury to an innocent person.

Finally, the question of proximate cause of an accident is almost always one of fact for the jury As stated in *Nelson v. Duquesne L. Co., supra.,* [338 Pa. 37] at pp. 54, 55 [12 A.2d 299]: "In section 453 of Pennsylvania Annotations to the Restatement of Torts, the following appears

"It is not uncommon to have a situation where there may be a reasonable difference of opinion as to whether the actor's conduct was a substantial factor in bringing about the harm, and it frequently occurs that where intervening forces have come into operation there may be a reasonable difference of opinion as to whether they were extraordinary or normal. If there is room for such a reasonable difference of opinion, the question of legal cause is for the determination of the jury (citing 14 Pennsylvanlia cases.)"

*Anderson, supra,* 404 Pa. at 391, 171 A.2d at 775.

The law, then, does not allow for a sustaining of a demurrer in this case, but rather supports the right of a jury to determine the cause and ensuing liability.