528 A.2d 988

**Jack Conrad McGAHA and Shawn Welsh, Appellants,**

**v.**

**Louis MATTER, Whiton, Inc., d/b/a Home Plate Bar and Sara J. Kelly, t/d/b/a Kelly's Beer Distributor, Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 24, 1986.

Filed July 23, 1987.

7

John T. Bender, Pittsburgh, for appellants.

Mark I. Bernstein, Philadelphia, for Whiton, appellee.

Robert W. Murdoch, Pittsburgh, for Kelly, appellee.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, WIEAND, McEWEN, OLSZEWSKI, DEL SOLE, MONTEMURO and TAMILIA, JJ.

PER CURIAM:

Can a licensed beer distributor who unlawfully sells beer to a minor be held liable to third persons for injuries caused by the minor's subsequent intoxication? The trial court held that no such cause of action existed and sustained preliminary objections in the nature of a demurrer to a complaint which had failed to include an averment that the minor had been visibly intoxicated at the time of the sale. We reverse and remand for further proceedings.

The averments of the complaint are that, on November 12, 1983, Louis Matter, who was then eighteen years of age, purchased a case of beer from Kelly's Beer Distributor

(Kelly). Matter consumed this beer and became intoxicated. While intoxicated, he purchased additional six packs of beer from Whiton, Inc. After having consumed this beer, Matter negligently permitted the vehicle which he was driving to collide with a tree. As a result of the impact, Shawn Welsh and Jack McGaha, who had been riding as guest passengers in Matter's vehicle, were seriously injured. Welsh and McGaha filed a civil action against Matter, Whiton, Inc., d/b/a Home Plate Bar, and Sara J. Kelly, t/d/b/a Kelly's Beer Distributor, to recover damages for the injuries which they had sustained. Kelly filed preliminary objections in the nature of a demurrer to the complaint. The trial court, following argument, sustained Kelly's preliminary objections and dismissed the causes of action which had been alleged against Kelly. McGaha and Welsh appealed.

Our standard of review was defined in *Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 503, 267 A.2d 867, 868 (1970), where the Supreme Court said:

In determining whether a demurrer should be sustained and the complaint dismissed, the question presented is whether, on the facts averred, the law says with certainty that no recovery is possible. *King v. U.S. Steel Corp.*, 432 Pa. 140, 247 A.2d 563 (1968); *Sun Ray Drug Co. v. Lawler*, 366 Pa. 571, 79 A.2d 262 (1951). In considering the demurrer, every well-pleaded material fact set forth in the complaint, as well as all inferences reasonably deducible therefrom, must be taken to be admitted. *Yania v. Bigan*, 397 Pa. 316, 155 A.2d 343 (1959); *Mistick v. Cammack*, 397 Pa. 296, 154 A.2d 588 (1959).

See: *Jamison v. City of Philadelphia*, 355 Pa.Super. 376, 379, 513 A.2d 479, 480 (1986); *Cummins v. Firestone Tire & Rubber Co.*, 344 Pa.Super. 9, 16, 495 A.2d 963, 967 (1985).

The trial court's decision in this case was based upon Section 4–497 of the Liquor Code of April 12, 1951, P.L. 90, art. IV, 47 P.S. § 4–497. This section provides as follows:

No licensee shall be liable to third persons on account of damages inflicted upon them off of the licensed prem-

ises by customers of the licensee unless the customer who inflicts the damages was sold, furnished or given liquor or malt or brewed beverages by the said licensee or his agent, servant or employe when the said customer was visibly intoxicated.

Because the averments of the complaint suggested that the minor had not been intoxicated at the time when he had purchased the case of beer from Kelly, the trial court held that plaintiff-appellants had failed to state a cause of action sufficient to support a recovery. This was consistent with a prior decision of this Court in *Simon v. Shirley*, 269 Pa.Super. 364, 409 A.2d 1365 (1979).

More recently, however, the Supreme Court has recognized the validity of a cause of action by a third person against a licensee who has sold alcoholic beverages to a minor whose subsequent intoxication was the legal cause of injury to the third person. See: *Matthews v. Konieczny*, 515 Pa. ——, 527 A.2d 508 (1987). The existence of such a cause of action, the Supreme Court held, is not limited by section 4-497 of the Liquor Code to instances in which the minor was "visibly intoxicated" at the time of the sale. *Id.*

In light of the Supreme Court's decision in *Matthews*, there can be no doubt that the averments of the complaint filed by appellants in the instant case were sufficient to state valid causes of action against Kelly. Therefore, the order sustaining the preliminary objections and dismissing the complaint against Kelly must be reversed.

Reversed and remanded for further proceedings. Jurisdiction is not retained.

CIRILLO, President Judge, files a concurring statement.

CIRILLO, President Judge, concurring:

The recent Supreme Court decision in *Matthews v. Konieczny*, 515 Pa. ——, 527 A.2d 508 (1987), compels me to agree with the majority that a liquor licensee who sells alcohol to a minor can now be held liable for injuries to a

third person resulting from the minor's intoxication. However, I continue to believe, as I stated in my opinion in *Mancuso v. Bradshaw*, 338 Pa.Super. 328, 487 A.2d 990 (1985), *rev'd*, 515 Pa. ——, 527 A.2d 508 (1987), that the Legislature specifically intended to shield liquor licensees from such liability unless the person sold to was visibly intoxicated. *See* 47 P.S. § 4–497. I further believe that judicial recognition of a cause of action against persons in appellees' position, in the face of what I perceive to be a contrary legislative mandate, is unwise. *See Matthews* (Zappala, J., dissenting). Nevertheless, our high court having spoken on this issue, we are bound to follow, and any different direction on this subject must come from the Legislature.