CAVANAUGH, Judge:
 

 Plaintiff/appellant Jorge Matos, Jr. appeals from the order of November 12, 1993 which granted defendants/appellees Queen City Pizza Inc., Domino’s Pizza, Inc. and Thomas C. Bolger’s motion for judgment on the pleadings and dismissed appellant’s complaint as to them. After a through review of the record, and for the reasons which follow, we affirm the decision of the trial court.
 

 Jorge Matos, Jr. instituted the instant lawsuit by filing a praecipe for writ of summons on May 1, 1992. In his complaint, filed October 9, 1992, appellant alleged that he sustained serious injuries on May 2, 1990 when the pizza delivery car in which he was a passenger crashed into a utility pole. Appellant alleged that he and two other men had stolen the pizza delivery car when the driver of the car left the engine running while making a delivery. In his complaint appellant also alleged that the dismissed appellees were liable under the doctrine of agency and/or respondeat superior as a result of the negligent acts of the delivery car driver in failing to ensure that the car would not be stolen while making a delivery. Appellant also claimed that the motor vehicle collision was proximately caused by the negligence of the dis
 
 *512
 
 missed appellees which included: entrusting the delivery car to a driver they knew or should have known was incapable of adequately operating, controlling and maintaining it; failing to adequately train and supervise the driver; and maintaining a policy requiring their drivers to keep the engine of the delivery car running while making deliveries. After answering appellant’s complaint appellees Queen City Pizza, Domino’s Pizza and Thomas Bolger moved for judgment on the pleadings. After oral argument (at which appellant requested leave to amend his complaint) the Honorable Carol McGinley granted the motion and dismissed appellant’s • complaint against moving appellees. This appeal followed.
 

 Appellant on appeal claims that the allegations of fact contained in the complaint, when viewed as a whole, are sufficient to state a cause of action under Pennsylvania law, and, in the alternative, that he should have been granted leave of court to amend his complaint to supply necessary allegations of fact more fully and precisely.
 

 As to appellants first claim, we note that a motion for judgment on the pleadings
 

 should be granted only where the pleadings demonstrate no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law. (Citations omitted). Thus, ‘[i]n reviewing a trial court’s decision to grant judgment on the pleadings, the scope of review of the appellate court is plenary; the reviewing court must determine if the action of the trial court was based on a clear error of law or whether there were facts disclosed by the pleadings which should go to the jury.
 

 Kelly v. Nationwide Insurance Company,
 
 414 Pa.Super. 6, 9-10, 606 A.2d 470, 471 (1992). “Only when the moving party’s case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.”
 
 Id.
 
 at 10, 606 A.2d at 471-472.
 

 It appears that the precise issue of the liability of an employer of a motor vehicle driver whose automobile is stolen and subsequently injures a third party has never been ad
 
 *513
 
 dressed by this court in a published opinion. The issue of whether the
 
 owner
 
 of a parking lot can be held liable to a person injured by the careless operation of a motor vehicle stolen from the lot has been presented to the appellate courts of this Commonwealth several times however. In
 
 Jamison v. City of Philadelphia,
 
 355 Pa.Super. 376, 513 A.2d 479 (1986),
 
 alloc. denied,
 
 515 Pa. 581, 527 A.2d 541 (1987) Judge Wieand collected and analyzed those cases beginning with
 
 Farley v. Sley System Garages, 187
 
 Pa.Super. 243, 144 A.2d 600 (1958) where the Superior Court found that the plaintiffs had failed to prove the existence of a duty owed to them by the defendant. However, in
 
 Anderson v. Bushong Pontiac Co.,
 
 404 Pa. 382, 171 A.2d 771 (1961), the Supreme Court reversed a trial court’s dismissal of an action against the owner and operator of a used car lot. The Court stated:
 

 Herein the defendant knew the keys of one of its cars located on an open lot had been stolen. Starting the motor by one who gained possession of the keys was a simple matter, even for a teenager. It also had every reason to know that children of immature years frequented this lot and used it for recreational purposes at or about the time of the theft. Despite this knowledge, it saw fit to do nothing except report the theft to the police. The car was permitted to remain on an open and unattended lot. After the keys had been stolen and such fact was known, it did not require much imagination to realize that the car itself might well be next on the list. Without the car, the keys were insignificant. To prevent the car’s theft and operation required only a very simple mechanical operation.
 
 That it might well fall into possession and control of an incompetent teenager was not difficult to visualize.
 
 However, no safety precautions ensued. Whether or not this constituted the exercise of reasonable prudence, under all of the circumstances presented, cannot be decided as a matter of law.
 

 Id.
 
 at 385-386, 171 A.2d at 772-773. (Emphasis added). In
 
 Liney v. Chestnut Motors, Inc.,
 
 421 Pa. 26, 218 A.2d 336 (1966) the Supreme Court distinguished
 
 Anderson
 
 and affirmed the dismissal of a complaint explaining that “nothing
 
 *514
 
 existed in the present case to put [the defendant] on notice that the thief would be
 
 an incompetent or careless driver.”
 
 (Emphasis added)
 
 Id.
 
 at 28, 218 A.2d at 338. Later, in
 
 Jamison,
 
 Judge Wieand, writing for a panel of this court, found that
 

 appellant’s complaint did not contain averments of fact sufficient to permit a finding that Blara either knew or should have known that the vehicle was likely to be stolen by an incompetent driver or that the thief would drive the vehicle in a negligent or reckless manner.... The thiefs careless operation of the stolen vehicle was a superseding cause of appellant’s injuries, for which appellee cannot be held liable.
 

 Jamison,
 
 355 Pa.Super. at 382, 513 A.2d at 481-482.
 

 This reasoning is equally applicable to the matter before us today. In appellant’s complaint there were absolutely no averments that the delivery driver knew or should have known that the delivery car might be stolen by an incompetent driver or that the stolen car would be driven in a reckless matter. The trial court was correct, therefore, in granting appellees’ motion for judgment on the pleadings and dismissing the complaint as to them.
 

 We next turn to appellant’s claim that the trial court erred in refusing to grant him leave to file an amended complaint. Appellant wanted to amend his complaint to indicate that he was an innocent passenger and not a thief of the delivery car. Appellant also claims that he could have successfully amended his complaint to plead that the authorized driver of the delivery car had every reason to expect that the car would be stolen and operated by an incompetent driver.
 

 Pa.R.C.P. 1033 provides that a party, by leave of court, may amend his pleading at any time. “The decision whether to allow a proposed amendment of a pleading is within the sound discretion of the court below, and that decision will not be disturbed on appeal absent an abuse of discretion.”
 
 Pastare v. Anjo Construction Company,
 
 396 Pa.Super. 58, 68, 578 A.2d 21, 27 (1990). There is, however, a
 
 *515
 
 prohibition against amendments which add a new cause of action to a complaint after the running of the statute of limitations.
 
 [1]
 
 “Though the right to amend a pleading is to be construed liberally, amendment will not be permitted after the running of the statute of limitations if it introduces a new cause of action.”
 
 Del Turco v. Peoples Home Savings Association,
 
 329 Pa.Super. 258, 274, 478 A.2d 456, 464 (1984). A new cause of action arises if “the amendment proposes a different theory or a different kind of negligence than the one previously raised or if the operative facts supporting the claim are changed.”
 
 Junk v. East End Fire Department,
 
 262 Pa.Super. 473, 490-491, 396 A.2d 1269, 1277 (1978). As in
 
 Del Turco,
 
 to permit appellant the amendment he requested would introduce new operative facts and a new cause of action not raised in his complaint. The lower court was, therefore, correct in refusing appellant’s request to amend.
 

 There is one further reason we decline to reverse the court below’s discretionary act in disallowing amendment of appellant’s complaint. We address this issue even though the trial court did not rely on it in its determination of the instant matter. (This court may affirm a trial court’s order where it is correct on any legal ground.
 
 Johnson v. Johnson,
 
 410 Pa.Super. 631, 600 A.2d 965 (1991)). That is the question of whether appellant’s complaint, even with the proposed amendments, would allege sufficient facts to establish the requirement that appellees’ negligence be the proximate cause of appellant’s injuries. We find that it would not.
 

 Proximate cause is “essentially an issue of law, i.e., whether the defendant’s negligence, if any, was so remote
 
 *516
 
 that, as a matter of law, he cannot be held legally responsible for harm which subsequently occurred.”
 
 Novak v. Jeannette District Memorial Hospital,
 
 410 Pa.Super 603, 606, 600 A.2d 616, 618 (1991). “A determination of legal causation ‘depends on whether the conduct has been so significant and important a cause that the defendants should be legally responsible---[T]hey depend essentially on whether the policy of the law will extend the responsibility for the conduct to the consequences which have in fact occurred.’ ” (Citation omitted).
 
 Id.,
 
 600 A.2d at 618. In
 
 Bell v. Irace,
 
 422 Pa.Super. 298, 303, 619 A.2d 365, 367-368 (1993) this court, en banc, quoted a lower court judge writing on this issue: “At some juncture, which cannot be defined in unequivocal terms, the links which bind together the causal chain connecting conduct to injury must be severed because of [remoteness].” We believe that this is that juncture. Even had appellant been allowed to amend to plead the facts he alleged, we do not believe that they would have satisfied the above stated requirement regarding proximate causation. Accordingly, it is appropriate that , the ties which bind the dismissed appellees’ conduct to appellant’s injuries be severed. As we find no error in the lower court’s rulings, its order of November 12, 1993 is affirmed.
 

 Order affirmed.
 

 [1]
 

 . The accident which precipitated this lawsuit is alleged to have occurred on May 2, 1990. 42 Pa.C.S.A. § 5524(2) provides that an action to recover damages for injuries to the person must be commenced within two years. Appellant (apparently) first requested leave to amend on November 5, 1993 in his response to appellees' motion for judgment on the pleadings. (Appellant’s memorandum of law contra this motion which is included in the reproduced record is not part of the record certified to this court, accordingly we may not consider it. See:
 
 Commonwealth v. Young,
 
 456 Pa. 102, 317 A.2d 258 (1974)). Appellant did, however, argue this claim at oral argument before the trial court on November 12, 1993. We shall, therefore, consider it.