687 A.2d 382

**COMMONWEALTH of Pennsylvania, Appellee**

**v.**

**Elmer Leroy LAYHUE, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 4, 1996.

Filed Dec. 31, 1996.

Gregory A. Keenan, Meadville, for appellant.

Paula C. Cosenza, Assistant District Attorney, Meadville, for Commonwealth, appellee.

Before CAVANAUGH, J., CIRILLO, President Judge Emeritus, TAMILIA, KELLY, JOHNSON, FORD ELLIOTT, SAYLOR, EAKIN and SCHILLER, JJ.

CAVANAUGH, Judge.

We have for consideration the issue of whether the trial court imposed an illegal sentence when, as part of the sentence, it directed appellant Elmer Layhue to comply with an order of restitution to an insurance company.

The sentencing court, per Gordon R. Miller, P.J., ordered appellant to make restitution to State Farm Insurance Company in the amount of $8,881.25. Appellant entered a plea of nolo contendere to a conspiracy charge with respect to the destruction (by fire) of the car of Raymond Miller.[1] During the plea colloquy, the court advised Layhue and he answered:

THE COURT: Okay. Now in Count 2, you're charged with having some time between March 1st and March 4th

1. Restitution is permissible for the acts of a co-conspirator. *See Commonwealth v. Mathis, infra.*

of '92 conspired with Raymond Miller, John Sneltzer and Sharon Sneltzer to commit the crime of arson and endangering property in that *you agreed with them to intentionally start a fire* or an explosion for the purpose of destroying an '89 Chevy Cavalier belonging to Raymond Miller, *in order to collect insurance from it.*

Do you understand that?

DEFENDANT LAYHUE: Yes.

Layhue's plea was to the following charges:

**Count No. 2 Criminal Conspiracy**

The defendant did, on or about March 1, 1992—March 4, 1992, with the intent of promoting or facilitating the commission of a crime, conspire with another to commit said crime. In so doing, the defendant did agree with such other person or persons that they or one or more of them would engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime, TO WIT: the defendant did conspire with Raymond Miller, John Sneltzer and Sharon Sneltzer to commit the crime of Arson Endangering Property, in that the defendant did agree with the aforementioned participants *to intentionally start a fire or cause an explosion or aided to cause a fire or explosion* and the defendant did said act with the intent of destroying or damaging a 1989 Chevrolet Cavalier belonging to Raymond Miller, *to collect insurance for such loss.*

(We have added emphasis above.)

The right to impose restitution is statutorily grounded on two provisions:

42 Pa.C.S.A. § 9721(c):

> **Restitution.**—In addition to the alternatives set forth in subsection (a) of this section the court may order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained.

and,

18 Pa.C.S.A. § 1106(a):

**(a) General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefor.

Thus, the question,—Was the insurance company a "victim" so as to be a proper object of a restitution order? While it may be reasonably argued that "victim" only modifies persons who suffer personal injury under § 1106, it is clear that § 9721 permits restitution to compensate a "victim" in the broader sense as one who suffers loss for injury or damage sustained. Both of the above provisions have been modified to an effect that we will later discuss but, the trial court disposition and this appeal have proceeded under the statutes as set forth and caselaw thereunder and we so proceed.

Appellant places reliance on *Commonwealth v. Galloway*, 302 Pa.Super. 145, 448 A.2d 568 (1982) wherein a defendant convicted of arson and aggravated assault, claimed, *inter alia*, on appeal that a restitution order was legally impermissible. The majority of a panel of our court agreed and vacated the restitution order. In *Galloway*, the appellant was convicted of the arson based on circumstantial evidence that Galloway started a fire in a residence after coming home with his wife in the early morning hours. He engaged in an argument with his wife and physically assaulted her. After wife left the premises, Galloway was seen to drive away from the scene. There was evidence that he had threatened to burn the house down, that he pulled a fire alarm and returned to the scene. The panel majority held that the fire insurance company was not the victim since it did not suffer injury to property as required by 18 Pa.C.S.A. 1106(h) which defines injury to include a loss of real property and tangible and intangible personal property. It was held that the detriment to the insurer was not a "loss" but, a contractual obligation under its insurance contract and that only innocent legal owners of the

home held a right to restitution.[2]  Further reliance is placed on *Commonwealth v. Mathis,* 317 Pa.Super. 362, 464 A.2d 362 (1983) wherein a panel disallowed restitution which was, in part, reimbursement directly to health insurers who had paid for services to treat injuries of assault victims.  *Mathis* read *Galloway* as holding that "any direct payment to an insurer is unauthorized."

We do not see *Galloway* as contrary to the present order of restitution, and we specifically disagree with the *Mathis* panel's reading of *Galloway* as prohibiting *any* direct payment (of restitution) to an insurance company.  There are, of course, cases of fraudulent claims or other criminal misconduct in dealing with an insurer where the only victim is an insurance company.  Surely in such case, *Galloway* did not intend to prohibit an order of restitution.  Rather, we interpret the *Galloway* majority as prohibiting an order of restitution where the insurer's loss is merely consequential to the criminal conduct.  (In *Galloway,* the arson was part of a course of conduct intended to harm defendant's wife).  Similarly, *Mathis* is an assault case, where the insurer's liability for medical expenses is consequential to the treatment for injuries sustained in the assault upon the intended victims.  Thus, in neither case was there evidence which would support an intention to extract payments from an insurer.  As the colloquy in this case demonstrates, appellant was charged with (and plead nolo contendere to) an arson or explosion to a car *in order to collect insurance.*  This places the insurance company in the posture of being the intended victim of the crime and we conclude that the restitution order is neither illegal nor impermissible under the controlling cases and statutes.  In sum, we would affirm the sentence of the trial court based upon the issues presented to and argued before us and the pertinent authorities.

Our conclusion is further supported by analysis of the interplay between the history of this case and the effect of new legislation.

**2.**  Judge Wieand in his Concurring Opinion would hold that the insurance carrier was subrogated to the owner victim's rights and, as such, was the proper object of an order of restitution.

The trial court, when met with appellant's post-sentence motion to withdraw the plea and to modify the sentence vacated the original sentence of May 4, 1995 and, thereafter, considered the motion, denied it, and resentenced on July 25, 1995. It is this sentence which is the basis for the present appeal.

In the meantime, the legislature was reconsidering issues relating to sentences, including restitution, and passed amendments to 1106 and 9721 on May 3, 1995, effective July 2, 1995. The amendments make it clear that insurance companies who suffer loss as a result of criminal conduct, may properly be awarded restitution. The legislature revised 1106(c) and (h) to include the following language:

### § 1106(c) Mandatory restitution.—

(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. The court shall not reduce a restitution award by any amount that the victim has received from the Crime Victim's Compensation Board or other governmental agency but shall order the defendant to pay any restitution ordered for loss previously compensated by the board to the Crime Victim's Compensation Fund or other designated account when the claim involves a government agency in addition to or in place of the board. The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company.

(ii) If restitution to more than one person is set at the same time, the court shall set priorities of payment. However, when establishing priorities, the court shall order payment in the following order:

(A) The victim.

(B) The Crime Victim's Compensation Board.

(C) Any other government agency which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

(D) Any insurance company which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

**(h) Definitions.—**

"**Victim.**"  As defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929.  The term includes the Crime Victim's Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the victim and any insurance company that has compensated the victim for loss under an insurance contract.

**§ 9721.  Sentencing generally**

**(c) Mandatory restitution.**—In addition to the alternatives set forth in subsection (a) of this section the court shall order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained.  For purposes of this subsection, the term "victim" shall be as defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929.

Amended 1995, May 3, P.L. 999, No. 12 (Spec. Sess No. 1), § 3, effective in 60 days.

It is noteworthy that the broadened definition of "victim" to include an insurance company who has suffered a consequent loss applies to both relevant restitution provisions.  18 Pa. C.S.A. § 1106(c) as amended, 42 Pa.C.S.A. § 9721(c) as amended, 71 P.S. 180–9.1.

█    We may affirm a trial court if it is correct on any legal theory.  *Matos v. Rivera,* 436 Pa.Super. 509, 648 A.2d 337 (1994); *In Re Benson,* 419 Pa.Super. 582, 615 A.2d 792 (1992).

Accordingly, the amended laws in effect twenty-three days before the effective sentencing in this case provide explicit statutory authority for the propriety of the restitution order.

Judgment of sentence affirmed.

SCHILLER, J., files a Concurring Opinion.

SCHILLER, Judge, concurring.

I join the majority to the extent that the restitution order should be affirmed since the defendant was charged with and pleaded to arson with intent to defraud an insurance company thereby making the insurance company in this case a victim entitled to restitution. Statutory changes enacted subsequent to defendant's crime are irrelevant.