J-A25004-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| INDERJIT BHARGAVA AND VIJAY BHARGAVA, | : IN THE SUPERIOR COURT OF |
| | :       PENNSYLVANIA |
| | : |
| Appellants | : |
| | : |
| v. | : |
| | : |
| LOU'S TOWING, INC. AND KYLE V. BALL, AND REAGAN'S SERVICE, INC. AND FRANK REAGAN, JR., | : |
| | : |
| Appellees | : No. 412 EDA 2015 |

Appeal from the Judgment entered March 10, 2015,
Court of Common Pleas, Delaware County,
Civil Division at No. 2012-4178

BEFORE: DONOHUE, MUNDY and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED OCTOBER 20, 2015**

Appellants, Inderjit Bhargava ("Mr. Bhargava") and Vijay Bhargava ("Mrs. Bhargava") (collectively "the Bhargavas"), appeal from the judgment entered on March 10, 2015 by the Court of Common Pleas of Delaware County, Civil Division. After careful review, we affirm.

We summarize the relevant facts and procedural history of this case as follows. It is undisputed that on September 3, 2010, Kyle Ball ("Ball") was driving a 2002 International flatbed tow truck ("the flatbed truck") when he struck the rear of the Bhargavas' vehicle, causing the Bhargavas' vehicle to careen into a third vehicle. The Bhargavas sustained serious and permanent bodily injuries because of the accident.

*Former Justice specially assigned to the Superior Court.

On May 17, 2012, the Bhargavas, filed a complaint raising multiple counts of negligence and loss of consortium against Ball, Lou's Towing, Inc. ("Lou's Towing"), Reagan's Service, Inc. ("Reagan's Service"), and Frank Reagan, Jr. ("Reagan"). The Bhargavas alleged that Ball was an employee of Reagan's Service and/or Lou's Towing and that Reagan was the owner of those two businesses. Complaint, 5/17/12, ¶¶ 2-5, 8. Thus, the Bhargavas contended that Reagan was liable to them as Ball's employer. *See id.* ¶¶ 2-10. Alternatively, the Bhargavas asserted that Reagan was liable to them for negligently entrusting the flatbed truck to Ball or for negligently failing to secure it and prevent Ball from driving it. *See id.*

On January 24, 2013, Reagan filed his answer to the Bhargavas' complaint and specifically denied that Ball was his employee. Reagan's Answer with New Matter, 1/24/13, ¶ 2. Reagan averred that he had no legal interest in Reagan's Service or Lou's Towing. *Id.* ¶ 4. Reagan asserted that he did not at "any time conduct business as or engage workmen, servants, agents and/or employees of [Reagan's Service.]" *Id.* ¶ 6. Reagan also denied that he was the owner of the flatbed truck. *Id.* ¶ 7. Ball, Reagan's Service, and Lou's Towing all failed to answer the Bhargavas' complaint. On August 20, 2013, the Bhargavas entered judgments, jointly and severally as to liability, against, Ball, Reagan's Service, and Lou's Towing.

On November 13, 2014, the trial court held a nonjury trial on the outstanding liability claim against the remaining defendant, Reagan, and an

assessment of damages hearing. The Bhargavas did not send any notice to Reagan requesting his presence at trial, and consequently, Reagan did not appear in court on the day of trial. N.T., 11/13/14, at 5-6. As Reagan was the only witness the Bhargavas intended to question, the trial court permitted counsel for the Bhargavas to read portions of Reagan's deposition testimony into the record. *See id.* at 20-28.

The transcript of the nonjury trial therefore reveals the following. Reagan testified that he was not the owner of Lou's Towing or Reagan's Services and that his father, Frank Reagan, Sr., was the owner of those businesses. *Id.* at 20-21. Reagan stated that either his father or one of his father's businesses owned the flatbed truck. *Id.* at 21. Reagan further testified that he was the owner of the business "Reagan's Getty." *Id.* at 20. Reagan explained that Ball had never been an employee of his or his father, but that Ball would wander around his business from time to time doing odd jobs for a small amount of cash or cigarettes. *Id.* at 23. Additionally, Reagan recalled that approximately six years ago, Ball took his Jaguar S-Type without his permission, but that it caught on fire because it was "completely apart" when Ball took it. *Id.* at 24-25. Regarding the instant matter, Reagan testified that the flatbed truck was parked in an open lot at Reagan's Getty. *See id.* at 25. Reagan stated that he keeps the keys to the flatbed truck in the office of Reagan's Getty, which is unlocked, and that Ball had access to that office. *See id.* at 28.

At the conclusion of the liability phase of the trial, Reagan motioned for a directed verdict and the trial court granted the motion, determining that the Bhargavas failed to meet their burden of proof on the liability claim against Reagan. N.T., 11/13/14, at 36, 46. The trial court then held the assessment of damages hearing. The Bhargavas testified regarding their injuries and their exhibits included photographs, itemized hospital bills and medical reports. *See id.* at 47-81. On November 24, 2014 the trial court entered a directed verdict against the Bhargavas and in favor of Reagan. The same day, the trial court also entered judgments against Ball, Reagan's Service, and Lou's Towing, jointly and severally, in the amount of $750,000.00 in favor of Mr. Bhargava, and in the amount of $300,000.00 in favor of Mrs. Bhargava.

On December 1, 2014, the Bhargavas filed a motion for post-trial relief pursuant to Rule 227.1 of the Pennsylvania Rules of Civil Procedure. In their post-trial motions the Bhargavas asserted that the directed verdict in favor of Reagan was improper for the following reasons: (1) Reagan was liable to the Bhargavas for the tortious actions of Ball, as Ball's employer, under the doctrine of respondeat superior; (2) Reagan was liable to the Bhargavas for negligently entrusting the flatbed truck to Ball; and (3) Reagan was liable to the Bhargavas even if Ball did not have permission to use the flatbed truck for negligently failing to secure the truck. Post-Trial Motions, 12/1/14, at 2-7. On January 22, 2015, the trial court denied the Bhargavas post-trial

motions. On February 6, 2015, the Bhargavas filed a timely notice of appeal. On February 9, 2015, the trial court ordered the Bhargavas to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On February 25, 2015, the Bhargavas filed a timely Rule 1925(b) statement.

On appeal, the Bhargavas raise the following issues for review:

> 1. Did the [t]rial [c]ourt err in denying [the Bhargavas'] [m]otion for [p]ost-[t]rial [r]elief pursuant to Pa.R.C.P. 227.1 when the evidence presented establishes that [Reagan] failed to secure [the flatbed truck] on his premises from foreseeable unauthorized use and where this failure served as the proximate cause of [the Bhargavas'] injuries?
>
> 2. Did the [t]rial [c]ourt commit an error of law when it cited [Reagan's] non-ownership of the subject tow truck in support of its position that [Reagan] is not liable for [the Bhargavas'] injuries?
>
> 3. Did the [t]rial [c]ourt abuse its discretion in finding that [Ball] did not have a history of negligent motor vehicle operation?

The Bhargavas' Brief at 4.[1]

---

[1] In their Rule 1925(b) statement, the Bhargavas raised the following three arguments in support of their claim that the trial court erred in finding Reagan not liable for their injuries:

> First, that Reagan is vicariously liable for the tortious actions of Ball as his employer under the doctrine of respondeat superior. Second, that Reagan is liable for negligently entrusting the truck involved in the accident to Ball. Finally, that Reagan is liable even if

Though the Bhargavas raise three issues on appeal, each issue relates to the third argument in their post-trial motions: that the trial court erred in finding that Reagan was not liable to the Bhargavas because he negligently failed to secure the flatbed truck. *See* The Bhargavas' Brief at 11-15. Our standard of review when considering the propriety of a directed verdict is as follows:

> In reviewing a trial court's decision whether or not to grant judgment in favor of one of the parties, we must consider the evidence, together with all favorable inferences drawn therefrom, in a light most favorable to the verdict winner. Our standard of review when considering motions for a directed verdict and judgment notwithstanding the verdict are identical. We will reverse a trial court's grant or denial of a judgment notwithstanding the verdict only when we find an abuse of discretion or an error of law that controlled the outcome of the case. Further, the standard of review for an appellate court is the same as that for a trial court.

---

Ball did not have Reagan's permission to use the vehicle, because Reagan was negligent in his supervision of Ball and failed to secure the truck.

Rule 1925(b) Statement, 2/25/15, at 1-2. The Bhargavas did not raise or include any argument in support of the first two arguments and have therefore waived them. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *Bolick v. Commonwealth*, 69 A.3d 1267, 1269 (Pa. Super. 2013) (finding an issue raised on appeal waived because the appellant failed to present any argument), *appeal denied*, 84 A.3d 1061 (Pa. 2014).

> There are two bases upon which a judgment N.O.V. can be entered; one, the movant is entitled to judgment as a matter of law and/or two, the evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. With the first, the court reviews the record and concludes that, even with all factual inferences decided adverse to the movant, the law nonetheless requires a verdict in his favor. Whereas with the second, the court reviews the evidentiary record and concludes that the evidence was such that a verdict for the movant was beyond peradventure.

*Janis v. AMP, Inc.*, 856 A.2d 140, 143-44 (Pa. Super. 2004) (citations omitted).

In any case alleging negligence, the plaintiff has the burden to prove the following four elements: "'1. [a] duty or obligation recognized by law[,] 2.[a] breach of the duty[,] 3. [c]ausal connection between the actor's breach of the duty and the resulting injury[, and] 4. [a]ctual loss or damage suffered by complainant.'" *Wilson v. PECO Energy Co.*, 61 A.3d 229, 232 (Pa. Super. 2012) (quoting *Cooper v. Frankford Health Care System, Inc.*, 960 A.2d 134, 140 n.2 (Pa. Super. 2008) (citation omitted), *appeal denied,* 970 A.2d 431 (Pa. 2009)). Importantly, "it is incumbent on a plaintiff to establish a causal connection between defendant's conduct, and it must be shown to have been the proximate cause of plaintiff's injury." *Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1286 (Pa. Super. 2005) (quotations and citation omitted).

J-A25004-15

The Bhargavas cite two cases in support of their argument that Reagan was liable for their injuries – ***Liney v. Chestnut Motors, Inc.***, 218 A.2d 336 (Pa. 1966), and ***Jamison v. City of Philadelphia***, 513 A.2d 479 (Pa. Super. 1986). In ***Liney***, employees of the defendant, who operated an automobile sales agency and garage, allowed a customer's vehicle to remain outside the building, double-parked in the street with the keys in the ignition. ***Liney***, 218 A.2d at 337. An adult stranger stole the vehicle and then drove it around the block in such a careless manner that it mounted a sidewalk and struck the plaintiff, causing her serious injury. ***Id.*** The trial court sustained the defendant's preliminary objections and dismissed the complaint for failure to state a cause of action. ***Id.*** On appeal, our Supreme Court affirmed, concluding as follows:

> Assuming also that the defendant should have foreseen the likelihood of the theft of the automobile, nothing existed in the present case to put it on notice that the thief would be an incompetent or careless driver. Under the circumstances, the thief's careless operation of the automobile was a superseding cause of the injury suffered, and defendant's negligence, if such existed, only a remote cause thereof upon which no action would lie.

***Id.*** at 338 (citations omitted).

Similarly, in ***Jamison***, the defendant, a parking garage operator, parked a customer's vehicle on the upper level of one of its garages. ***Jamison***, 513 A.2d at 479. An adult individual stole the vehicle, which subsequently resulted in a high-speed police chase. ***Id.*** at 480. During this

- 8 -

pursuit, the stolen vehicle collided with a vehicle in which the plaintiff was a passenger, causing the plaintiff serious injury. *Id.* The trial court sustained the defendant's preliminary objections and entered judgment in favor of the defendant. *Id.* at 479. On appeal, our Supreme Court affirmed, holding that the defendant neither knew nor "should have known that the vehicle was likely to be stolen by an incompetent driver or that the thief would drive the vehicle in a negligent or reckless manner." *Id.* at 481. Similar to *Liney*, our Supreme Court explained,

> [i]f in fact [the defendant] was careless in allowing the vehicle to be stolen, it cannot be said to have been negligent toward [the plaintiff], whose injury was not a foreseeable consequence of the theft. The thief's careless operation of the stolen vehicle was a superseding cause of [the plaintiff]'s injuries, for which [the defendant] cannot be held liable.

*Id.* at 482.

Here, the Bhargavas argue that their case differs from *Liney* and *Jamison*. *See* The Bhargavas Brief at 13-15. First, the Bhargavas assert that even if Reagan did not own the flatbed truck, it was an instrumentality within Reagan's control because it was parked at Reagan's Getty and the keys to it were stored in a Reagan's Getty office. *Id.* at 14. Second, the Bhargavas contend that Reagan knew or should have known that Ball was likely to take the flatbed truck. *Id.* at 13-14. The keys to the flatbed truck were left unsecured in a Reagan's Getty office and Ball had previously stolen the keys to Reagan's Jaguar and attempted to take the vehicle from

Reagan's possession. *Id.* Third, the Bhargavas claim that Ball had "a known track record for operating vehicles in a negligent manner" and therefore, the injuries to the Bhargavas were foreseeable to Reagan and Ball's actions were not a superseding intervening cause of their injuries. *Id.* at 14-15.

The trial court, however, determined that Reagan was not liable to the Bhargavas, finding: "There is no evidence of record that [Ball] had a history of negligent driving." Trial Court Opinion, 4/7/15, at 11. We agree. Assuming, arguendo, that Reagan was negligent for failing to secure the flatbed truck and that he should have known Ball was likely to attempt steal or otherwise take the truck, the Bhargavas failed to present evidence that Ball had a known history for driving vehicles in a negligent manner.

The Bhargavas did present evidence of Ball's failed attempt to take Reagan's Jaguar without his permission, during which the vehicle caught fire because Ball attempted to drive it while it was "completely apart." N.T., 11/13/14, at 25. At the outset, we note that it is unclear, based on the record before us, what exactly transpired during this event, as there is no testimony or evidence describing the state of the Jaguar other than that it was "completely apart" when Ball attempted to drive it without permission. *See id.* We do not know what "completely apart" means. It could mean the Jaguar was disassembled in some manner that would have been obvious to Ball. Conversely, it could also mean that everything under the hood of the

vehicle was disassembled, of which Ball may have been unaware as he was trying to take the vehicle. The record simply does not detail what transpired when Ball attempted to take the Jaguar. Additionally, this was a single incident that occurred approximately six years ago. Thus, viewing the evidence in the light most favorable to Reagan as the verdict winner, we cannot say, based on the limited amount of information we have, that Ball's operation of the Jaguar was negligent or that this represented proof that Ball has a history of negligently operating vehicles.

Moreover, the incident involving the Jaguar provides no evidence regarding Ball's driving skills and whether he is a negligent or careless driver or whether Reagan knew or should have known that Ball is a negligent or careless driver. Such information would have been far more pertinent to this case, as the Bhargavas' injuries resulted from Ball's negligent driving.

Therefore, the Bhargava's injuries were not a foreseeable consequence of Ball taking the flatbed truck without Reagan's permission. As in *Liney* and *Jamison*, Ball's negligent operation of the flatbed truck was a superseding cause of the Bhargava's injuries, for which Reagan cannot be held liable. *See Jamison*, 513 A.2d at 482; *Liney*, 218 A.2d at 338. Therefore, the trial court did not err in finding that the Bhargavas failed to meet their burden of proof on their liability claim against Reagan and by entering a directed verdict against the Bhargavas in favor of Reagan.

Judgment affirmed.

Mundy, J. joins the Memorandum.

Fitzgerald, J. notes his dissent.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2015