**Commonwealth v. C.A.S.**

C.P. of Lehigh County, no. 2004/207-J.

*Gregory R. Spang, assistant district attorney,* for Commonwealth.

*Alexander Stirton,* for defendant.

BANACH, *J.,* August 8, 2005—On March 30, 2004, C.A.S., a juvenile, was adjudicated delinquent by this court. At that time, the juvenile admitted to one count of arson, graded as a Felony 1. The juvenile intentionally set five small fires in her home at 333 North Fulton Street, Allentown, Lehigh County, Pennsylvania, which spread to several other homes in the neighborhood, causing damage in excess of $200,000. One firefighter was injured.

On May 13, 2004, following a disposition hearing held on April 30, 2004, and the consideration of several evalu-

ations including a psychological evaluation, an evaluation from the Center for Arson Research, and a summary from the Lehigh County Juvenile Probation Department, the juvenile was sent to placement at Laurel Youth Services in Blossburg, Pennsylvania and was ordered to pay $250 to William and Cynthia Donmoyer, $95 to Charles and Liona [sic] Claxton, and $580 to John and Suzanne Rogers as restitution. Furthermore, the juvenile was ordered to perform community work service hours at the appropriate time in an appropriate manner.

On July 1, 2004, a review of disposition hearing was held. At that time, the court ordered that the juvenile remain at Laurel Youth Services. Restitution figures were amended as follows:

John Dilcher, $250.

Debra Hausman, $250.

Susan Rogers, $580.

Cynthia Donmoyer, $250.

Bonnie Krumenacker, $250.

Rebecca and Chris Houser, $1,184.22.

The court held in abeyance the restitution claims of Erie Insurance Company, Lliana Claxton, and All State Insurance Company. The court requested that the juvenile and the Commonwealth submit memoranda on these claims. This opinion follows.

## DISCUSSION AND CONCLUSIONS OF LAW

The juvenile, through her counsel, questions the appropriateness of a restitution claim made by Erie Insur-

ance Company,[1] an insurer of one of the homes damaged by the fire set by the juvenile. Counsel argues that restitution to Erie Insurance Company "is not mandatory [and that issuing such restitution] may be unreasonable." Juv. mem. on restit., p. 2.

"[An] order of restitution is not an award of damages . . . . While the order aids the victim, its true purpose, and the reason for its imposition, is the rehabilitative goal it serves by 'impressing upon the offender the loss he has caused and his responsibility to repair that loss as far as it is possible to do so.' " *Commonwealth v. Galloway,* 302 Pa. Super. 145, 161, 448 A.2d 568, 576 (1982) (quoting *State v. Stalheim,* 275 Or. 683, 689, 552 P.2d 829, 832 (1976)).

The case at bar first focuses on what constitutes a "victim" for purposes of the restitution order. Particularly instructive is the definition of "victim" under 18 Pa.C.S. §1106(h), Restitution for injuries to person or property.[2] Historically the term "victim" was defined as "[a]ny person, except an offender, who suffered injuries to his person or property as a *direct* result of the crime." See *Galloway* at 161, 448 A.2d at 576. (emphasis in original)

---

1. Such analysis would likewise apply to Allstate Insurance Company. The juvenile did not make argument as to the amount of restitution due Lliana Claxton. Therefore, the court has not analyzed that claim for restitution.

2. This section applies to restitution orders in criminal court and is therefore not controlling. See *In Interest of Dublinski,* 695 A.2d 827, 830 (Pa. Super. 1997). This court merely uses the definition of the word "victim" as instructive.

In *Galloway,* the Superior Court determined that a fire insurance company was not a "victim" according to the definition above. The court determined that:

"The insurance company was required to reimburse the legal owners, as per an insurance contract, but such payment does not constitute *injury* as required by section 1106(h). Injury to property is defined in 18 Pa.C.S. §1106(h), as '[l]oss of real or personal property, including negotiable instruments, or decrease in its value, directly resulting from the crime.' Therefore, payment under an insurance contract is not a 'loss', but merely a contractual obligation. Only the innocent legal owners of the home destroyed by the arson are entitled to restitution on the arson conviction as the victims." *Galloway* at 161-62, 448 A.2d at 577. (emphasis in original) (footnote omitted)

In summation, the *Galloway* court determined that when an insurance carrier's loss is merely consequential to the criminal conduct and is not the intended victim of the crime, the insurance carrier is not entitled to receive compensation in the form of restitution.

Since the determination made in *Galloway,* the Pennsylvania Legislature has seen fit to modify the definition of "victim." As defined under the current 18 Pa.C.S. §1106(h) statute, "victim" now "includes the Crime Victim's Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the victim *and any insurance company that has compensated the victim for loss under an insurance contract.*" See *Commonwealth v. Layhue,* 455 Pa. Super. 89, 95, 687 A.2d 382, 384 (1996). (emphasis added) As a result, Erie

Insurance Company and Allstate Insurance Company are entitled to an award of restitution in the amount that they have paid to the "direct" victims as a result of the juvenile's actions.

Restitution in juvenile court is governed by 42 Pa.C.S. §6352. *In Interest of Dublinski,* 695 A.2d 827, 830 (Pa. Super. 1997). Specifically, section 6352(5) allows a court to order "payment by the child of reasonable amounts of money as fines, costs or restitution as deemed appropriate as part of the plan of rehabilitation considering the nature of the acts committed and the earning capacity of the child." In order to determine the requisite amount of restitution owed by the juvenile, the sentencing court must consider four factors: "(1) The amount of loss suffered by the victim; (2) The fact that defendant's action caused the injury; (3) The amount awarded does not exceed defendant's ability to pay; [and] (4) The type of payment that will best serve the needs of the victim and the capabilities of the defendant." *In Interest of Dublinski* at 829. (citations omitted) Furthermore, although "an award of restitution lies within the discretion of the court, it should not be speculative or excessive and [the appellate courts] must vacate a restitution order which is not supported by the record." *Id.*

Case law has suggested particular ways in which a trial court ought to consider the four factors outlined above. In terms of the second element, "the court must apply a 'but-for' analysis, in which appellant will be liable for restitution for all damages which would not have occurred but for her criminal conduct." *Id.* at 830. The third element of the analysis requires that the court con-

sider "the earning capacity of the child." Such earning capacity can be determined by examining relevant factors such as the juvenile's mental ability, maturity and education, work history, the likelihood of her future employment and extent to which she can reasonably meet a restitution obligation, the impact of a restitution award on her ability to acquire higher education, and her present ability to make restitution. *Id.* In terms of the fourth factor, "[s]hould the court determine that appellant has no present ability to pay restitution . . . the court may defer imposition of a payment plan until an appropriate time in the future." *Id.* at 830.

In applying the factors outlined above, the juvenile in this case will not be held responsible for the amount of requested restitution to either Erie Insurance Company or Allstate Insurance Company. While the amount of loss suffered by the victims is clear from the record and the damage caused is particularly attributable to the juvenile's criminal conduct, namely intentionally setting a fire in her home, which spread to the neighboring homes, the amounts of requested restitution for the insurance companies far exceed this juvenile's ability to pay. Erie Insurance Company[3] is requesting $22,682.51 in restitution. Allstate Insurance Company is requesting restitution in the amount of $3,578.43. Given the juvenile's significant mental and psychological issues, the likelihood of future employment with a Felony 1 arson conviction, and her lack of a work history, an amount of restitution greater than $25,000 is excessive and unreasonable in light of the juvenile's ability to pay.

---

3. Erie Insurance Company was the insurer of the Donmoyer home.

## CONCLUSION

Based on the application of the aforementioned factors and the juvenile's inability to pay, the juvenile will not be held responsible for any restitution to either Erie Insurance Company or Allstate Insurance Company.

## ORDER

And now August 8, 2005, after consideration of the testimony heard on July 1, 2005, and the memorandum on restitution filed by counsel for the juvenile on July 14, 2005, the juvenile shall be responsible to the following victims as follows:

Erie Insurance Company, $0.

Lliana Claxton, $920.

All State Insurance Company, $0.

